## WILLIAM H. MOREY *v.* KING, FULLER & CO.

*Contract.   Breach.   Damages.   Former Adjudication.*

Plaintiff agreed " to construct all the culvert masonry, cattle-passes, paving, and ex-cavating foundation pits" on certain sections of railroad, for which defendants agreed to pay at prescribed rates.   Defendants discharged plaintiff from perform-ance before it was completed, and plaintiff brought an action for loss of prospective profit on that part of the work that he was not permitted to do, but, in alleging the agreement to do the work, he omitted to include the paving in the enumeration of the several kinds of work, so that it was not alleged that he agreed to do the paving, nor that defendants agreed that he might do it, but merely that defendants agreed to pay him at a certain rate for what he did.   On that declaration plaintiff was adjudged entitled to recover for loss, of profit on culvert masonry, &c., but not on paving, and for the latter he thereupon brought another action.   *Held*, adjudicated.

ASSUMPSIT.   The declaration alleged that on October 4, 1871, plaintiff agreed " to construct all the culvert masonry, cattle-passes, paving, and excavating foundation pits " on certain sections of the Lamoille Valley Railroad, in consideration whereof defendants agreed to pay therefor at rates thereby prescribed, but that although plaintiff had from the making of said agreement performed all things on his part to be performed, yet, defendant did not nor would allow plaintiff to complete said paving, but hindered and prevented him from so doing, and discharged him from further performance thereof, whereby he lost profit that he otherwise would have made.   Plea, general issue, and notice of special matter.   Trial by the court at the September Term, 1878, ROYCE, J., presiding, on an agreed statement of facts.

The plaintiff sought to recover $115.70, with interest thereon, as damages for the loss of prospective profit on the paving he was prevented from doing.   It appeared that on August 24, 1873, the plaintiff brought suit on the contract here declared on, to recover damages for the loss of prospective profit on the several kinds of work contracted for, but, in alleging the agreement, omitted the paving in the enumeration of the different kinds of work, so that it was alleged, not that he agreed to do the paving, nor that the

defendants agreed that he might do it, but merely that the defendants agreed to pay him a certain price per yard for what he did. The defendants set the case not for the jury, and moved for a continuance, but the court refused to grant it, and rendered judgment for the plaintiff, and continued the case for assessment of damages. On trial by jury on the question of damages, the plaintiff introduced evidence as to all the kinds of work, including the paving, but the defendants objected to a recovery of damages for the loss of profit on paving, for that the provisions of the contract relative thereto were not alleged, and requested the court to charge that the plaintiff could not recover such damages. The court refused so to charge, and charged that the plaintiff might recover as damages the prospective profit on all the work, including the paving, but directed the jury to find specially what the profit on the paving would have been. The jury found for the plaintiff to recover $1,022.24, including the profit on paving, which they found at the sum here sought to be recovered. After judgment the plaintiff moved so to amend his declaration as to obviate the objection thereto, claiming that the omission to make the proper allegations as to paving was a mere inadvertence, but the motion was denied, for that the declaration could not be amended after judgment. On hearing in the Supreme Court on exceptions to the charge, the judgment was reversed, and judgment rendered for the amount of the verdict, after deducting the sum found as prospective profit on paving; and that judgment was paid by the defendants. It was agreed that unless that judgment was a bar, the plaintiff should recover $115.70, with interest.

The court held, *pro forma*, that the judgment was not a bar, and rendered judgment for the plaintiff for the agreed sum; to which the defendants excepted.

*Edson, Rand & Cross*, for the defendants.

The damages for the non-performance of a special contract are entire. In the eye of the law, it is one item of damage, and, when a recovery has been had therefor, such recovery is a bar to any other suit brought to recover damages for the same non-per-

formance. Where one has suffered an injury, and brings action therefor, he must in that action declare for and prove all damages, for he can not have another for the same injury. Freeman Judgments, s. 240, 241 ; Bigelow Estoppel, 127, 133 ; Herman Estoppel, s. 77 ; *Whitney's Admr.* v. *Clarendon*, 18 Vt. 253 ; *Bancroft* v. *Winspear*, 44 Barb. 209 ; *Hoff* v. *Myers*, 42 Barb. 270 ; *Secor* v. *Sturgess*, 16 N. Y. 548 ; *Goodrich* v. *Yale*, 97 Mass. 15.

*Wilson & Hall*, for the plaintiff.

The item for prospective profit on paving not having been declared on, not having been in issue as the case was finally decided, and not having been necessary to warrant the former judgment, the doctrine of estoppel does not apply. *Post* v. *Smile*, 48 Vt. 185 ; *Gray* v. *Pingry*, 17 Vt. 419 ; Freeman Judgm. ss. 259–269 ; *Beebe* v. *Bull*, 12 Wend. 504 : *Harding* v. *Hale*, 2 Gray, 399 ; *Baker* v. *Rand*, 13 Barb. 152 ; *Agnew* v. *McElroy*, 18 Miss. 552 ; *Seddon* v. *Tutop*, 6 Term, 607 ; *Hungerford's Appeal*, 41 Conn. 322.

The contract declared on consists of distinct and separate items, any one of which is severable. The amount to be paid for each is distinctly set forth. It is not so far entire as to make a recovery in the first suit a bar to the present. 2 Parsons Cont. 517 ; *Badger* v. *Titcomb*, 15 Pick. 409 ; *Mixer* v. *Williams*, 17 Vt. 457 ; *Dibol* v. *Minott*, 9 Iowa, 403 ; 2 Sm. Lead. Cas. 546 ; Herman Estoppel, s. 79.

The opinion of the court was delivered by

Ross, J. From the agreed case and the declaration it appears that the plaintiff seeks to recover $115.70 profits which he would have realized if he had been allowed to do the paving stipulated to be done in the contract set forth in the declaration, but which he was prevented from doing by the wrongful termination of the contract by the defendants. The breach of the contract from which the plaintiff's right to recover these damages arises, is his not having been allowed to perform all the work covered by the contract, by reason of the wrongful termination of the same by the defendants. In the former suit between these parties, and which is

relied upon as an estoppel in this suit, the plaintiff set up the same contract, and the same breach of it, now relied upon; and recovered therein the same class of damages as profits which he seeks to recover in this suit.    In that suit he gave evidence of, and the jury found, the very damages which he now seeks to recover, but his declaration was so framed that this court held that these damages could not be recovered in the former suit, as the parties' rights had therein been determined by a preliminary judgment, which the plaintiff had obtained without trial, and which he insisted upon holding against the defendants.    It is thus apparent that the damages sought to be recovered in this suit arise from not only the same contract but the same breach of that contract which was declared for and for a breach of which damages were recovered in the former suit between these parties; and that the only reason why the plaintiff did not recover these damages in that suit was, that he did not properly declare for them.    Hence, the question presented is, whether a party who has failed to recover all the damages occasioned him by a single breach of a contract because he did not properly declare for a portion of them in the first suit, can be allowed to maintain a second suit for the recovery of that part of the damages not included in his recovery in the first suit.    The general doctrine that a party cannot divide up an entire claim into parts and maintain a separate suit for each part, whether the claim arises from contract or tort, is well established and elementary.    Freeman Judgm. ss. 240, 241; Bigelow Estoppel, 127–133; Herman Estoppel, s. 77; *Admr. of Whitney* v. *Clarendon*, 18 Vt. 253; *Secor* v. *Sturgess*, 16 N. Y. 548. The doctrine is well stated in Herman on Estoppel, *supra*, thus: " The principle is settled beyond dispute that a judgment concludes the right of parties in respect to the cause of action stated in the pleadings in which it is rendered, whether the suit embraces the whole, or only a part, of the demand constituting the cause of action.    It results from this principle, and the rule is fully established, that an entire claim, ensuing either upon a contract or from a wrong, cannot be divided and made the subject of several suits; and if several suits be brought for the different parts of the same claim, . . . . a judgment upon the merits in

either will be available as a bar in the other suits.   .   .   .   In case of torts, each trespass, or conversion, or fraud gives a right of action, and but a single one, however numerous the items of wrong or damage may be ; in respect to contracts, express or implied, each contract affords one and only one cause of action." As we have seen, the same contract and the identical breach of that contract for which recovery is sought to be had in this suit, was in issue and recovered on the former suit.   Hence, that recovery is a bar to a recovery in the present suit.

None of the cases cited by the plaintiff's counsel are in conflict with the elementary principle stated.   They are all cases in which a recovery was had on a separate cause of action, which, in some instances, might have been included in the former suit, but which, either from mistake or some other cause, was not so included. None of them are cases in which a plaintiff has been allowed to divide and recover in separate suits parts of an entire claim arising from a single breach of a contract, or a single tort or cause of action.

The *pro-forma* judgment of the County Court is reversed, and judgment rendered on the agreed case for the defendants to recover their costs.