Henry Floerke, Respondent, v. Teuscher Distilling Company, Appellant.

St. Louis Court of Appeals, December 22, 1885.

1. Actions — Quantum Meruit—Contract.—In an action for the reasonable value of services, the plaintiff can not be non-suited because the evidence shows that the services were performed under contract at a stipulated price.

2. Practice—Tender.—A disputed question, as to whether a tender made was made and accepted in full settlement, must be submitted to the jury.

Appeal from the St. Louis Circuit Court, George W. Lubke, Judge.

*Affirmed.*

Broadhead & Haeussler, for the appellant: On the undisputed facts, as recited by the witnesses in regard to the allowance of interest and payment of the balance struck, plaintiff could not recover. *Kinman v. Cannefax*, 34 Mo. 147; *Adams v. Helm*, 55 Mo. 468. The plaintiff could not, having a long running account with the defendant, debit and credit, accept a credit given to obtain a settlement, take the money, and then sue for the matter that was, prior to such credit, the subject of the dispute, and thus open the account. *Kronenberger v. Binz*, 56 Mo. 121. The only points in issue, after the plaintiff closed, on the evidence were: 1. What was the contract. 2. Did the credit of interest and acceptance of the check under the evidence amount to a settlement and estop plaintiff in this action from a recovery? And the court should have restricted the evidence to these points, if it allowed the case to proceed. *The State to use v. Roberts*, 62 Mo. 388.

Louis Gottschalk, for the respondent: The fact that there might have been an agreement as to the price

to be paid, does not prevent plaintiff from recovering in this action. *Mansur v. Botts*, 80 Mo. 651.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff sued the defendant corporation for a balance of $2,593.44, claimed to be due upon a hauling contract, and obtained a verdict and judgment for the full amount claimed. This verdict was set aside by the court, and upon a re-trial of the cause the jury again found for the plaintiff in the sum of $534.50. The court refused to set aside the second verdict, and the defendant appeals.

The petition is framed on the theory of a *quantum meruit*, whereas the evidence of both parties tended to show that the contract of hauling was at a fixed price. The plaintiff claimed that it was at three and one-half cents per hundred pounds, and the defendant that it was at three cents.

The first error complained of, is that the court admitted evidence as to the reasonable value of the work, and declined to non-suit the plaintiff when it appeared by the testimony of both parties that each claimed that the work was done at a fixed price. We held in the case of *Crump v. Rebstock* (*ante*, p. 37) decided on the authority of *Mansur v. Botts* (80 Mo. 651), that a party suing for the reasonable value of his services, can not be non-suited, although it appears by his own evidence upon the trial, that the services were performed under a special contract at a fixed price.

We have pointed out the inconvenience of this rule, but the case of *Mansur v. Botts* admits of no other interpretation, and whatever our own individual views may be, we are bound to follow the last controlling decision of the supreme court.

The only controversy between the parties on this head was, whether the contract price was three cents, or three and one-half cents. The plaintiff first gave evidence of a reasonable value of three and a half cents and then of a contract price at the same rate. The defendant gave

evidence of a contract rate of three cents. The court instructed the jury that if they found the contract as claimed by the defendant, then all evidence in regard to the reasonable value of the work was immaterial and the plaintiff could not recover.

The defendant now complains that the court refused to instruct the jury, as he requested, that all evidence as to reasonable value was immaterial, provided the jury found that the price of the hauling was fixed by contract. We can not see the merit of this complaint. If the jury found a contract at all, they must have found one at three and one-half cents. There was neither evidence of a contract, nor of reasonable value, of any amount intermediate between three, and three and a half cents, nor any evidence of either contract price or reasonable value in excess of the last named figure. While the defendant was entitled to the instruction in the shape in which it was asked, its modification by the court, under the circumstances, was at most harmless error.

The next error complained of is that the court refused to take the case from the jury, although the plaintiff's evidence disclosed that there was a statement of accounts between the plaintiff and the defendant, prior to the institution of the suit, and that upon such settlement, the defendant made a conditional tender of the amount admitted to be due, which was accepted by the plaintiff. It is urged that on the authority of *Adams v. Helm* (55 Mo. 468), and *Kronenberger v. Binz* (56 Mo. 121), the plaintiff could not recover under these circumstances.

If the plaintiff's evidence on this subject was as hereinabove claimed, then the defendant's position would be correct. The plaintiff in his testimony, however, distinctly denies that there was any settlement, or that he took the defendant's check in payment of what was due him. He testifies that he told the defendant's president, at the time, that he would take the check on account and sue the company for the balance, and that the president replied, "all right, you will have to sue if you get it."

There was evidence on the defendant's part that the check was given and accepted in full settlement of the entire account between the parties.

The court at the defendant's instance instructed the jury in substance, that if they believed the defendant's version of this transaction, the plaintiff could not recover. Thus the court declared the law in conformity with the authorities relied on by the defendant. As the evidence was conflicting the court could not do otherwise. The jury found the transaction as claimed by the plaintiff, and the question remains one of weight of evidence only, with which this court has nothing to do.

All the judges concurring, the judgment is affirmed.