| 39 | 465 |
| 47 | 767 |

| 39 | 465 |
| 52 | 728 |
| 52 | 749 |
| 53 | 521 |

| 39 | 465 |
| 66 | 646 |

| 39 | 465 |
| 82 | 45 |

THE WICHITA & WESTERN RAILROAD COMPANY v. WILLIAM BEEBE *et al.*

DAMAGES — *Splitting Entire Claim — Effect of Judgment on Part.* An entire claim arising from a single wrong cannot be divided and made the subject of several suits, however numerous the items of damages may be; a judgment upon the merits of any part will be available as a bar in other actions arising from the same cause.

*Error from Sedgwick District Court.*

ACTION brought by *Beebe Bros.* against *The Railroad Company*, to recover $500 as damages to certain land which they had rented, caused by an overflow of water thereon.

In its answer the defendant set up: First, a general denial; second, that the 40 acres mentioned in plaintiffs' petition were a part of the south half of section 26, in township 27 south, of range 1 west, in said county of Sedgwick, and that on the 17th day of August, 1885, said plaintiffs commenced an action against said defendant to recover damages of said defendant on account of an overflow of said premises, caused by the said defendant having erected an embankment and diverted the water from a natural water-course, causing the same to flow to the east from said natural water-course and channel through, upon and over the lands hereinbefore mentioned and described; that the overflow complained of in plaintiffs' petition filed on the 17th day of August, 1885, was the same overflow caused by the same diversion as complained of in plaintiffs' petition filed in this case; that at the November, 1885, term of the district court of said Sedgwick county, Kansas, the matters and things in dispute in said suit of said plaintiffs on account of said overflow in said May, 1885, as alleged in plaintiffs' petition filed in said cause, were wholly adjudicated and determined, and a judgment was rendered therefor against said defendant, which has been fully satisfied and paid. In reply, the plaintiffs denied all the allegations not admitted in the petition.

On the trial, at the October term, 1886, the defendant objected to the introduction of any evidence under the petition, because the petition showed on its face that plaintiffs had recovered a judgment against the defendant in another action for elements of damage resulting from the same overflow, alleged in this petition. Second, because the first issue in the action was upon a plea in bar, set out in defendant's answer. Said objections were overruled by the court, and excepted to by the defendant. Thereupon plaintiffs introduced

evidence tending to prove the following facts: That prior to the 15th day of May, 1885, defendant had constructed a bridge, ditch and embankment, as alleged in the plaintiffs' petition, the embankment being across a natural water-course; that on the 15th day of May, 1885, by reason of these facts, the plaintiffs' premises, including the land in question, were overflowed, which plaintiffs had prepared for corn, and that the value of their possession thereof was decreased from two to three hundred dollars; and that the overflow which caused the damages for which recovery is sought in this case also damaged 60 acres of growing corn, lying adjacent to and immediately north of said 40 acres which had been prepared for corn, and that both tracts of land were parts of the south half of section 26, in township 27 south, of range 1, west of the sixth principal meridian, and that plaintiffs were entitled to the full use and occupation of the same; that plaintiffs had recovered damages in another action for said overflow of the 60 acres.

The foregoing was all the evidence of plaintiffs-in-chief introduced on the trial of said cause. Plaintiffs thereupon rested, and defendant demurred to the evidence, which demurrer was overruled, and objection and exception duly taken. Thereupon defendant offered in evidence the petition, answer and journal entry in the former action in said court between said parties. The journal entry recited that on the 30th day of November, at the October term, 1885, the plaintiffs by their attorneys came, and the defendant by its attorneys came, and thereupon the action was called for trial, and both parties being ready, a jury was called, impaneled, and sworn; and the jury, after hearing the evidence produced by each party, and the instructions of the court and arguments of counsel, retired in charge of a sworn bailiff to consider their verdict; and after due deliberation returned into open court a verdict, (which is set forth,) in favor of the plaintiffs, for the sum of $180. And thereupon defendant moved the court that judgment be had against it for the sum of $180, and costs accruing on and before November 21st, 1885, taxed at $——; and

that judgment be had against plaintiffs for costs accruing in this case after November 21st, 1885. It was considered, ordered and adjudged that the plaintiffs have and recover of the defendant the sum of $180, and defendant pay the costs of the action, taxed at $303.90.

It was thereupon admitted by the plaintiffs that the same overflow which caused the damages recovered for in the former action of plaintiffs against defendant caused the damages sued for in this action, and were caused by the same diversion of the same water-course complained of in said former action, and the above judgment has never been vacated, and is in full force.

And the above was all the evidence introduced in the cause. Thereupon, plaintiffs demurred to the evidence introduced on behalf of the defendant, which said demurrer was sustained by the court, and the defendant duly excepted. The case was thereupon submitted by the court to the jury, which returned a verdict in favor of the plaintiff for $75. Motion for new trial was overruled, and judgment rendered upon the verdict in favor of the plaintiffs and against the defendant for the amount. *The Company* brings the case here.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*E. C. Ruggles,* and *Hatton & Ruggles,* for defendants in error.

Opinion by HOLT, C.: This action was brought by defendants in error in the Sedgwick district court, to recover damages to lands they had rented, by an overflow of water. In their petition they averred that in the spring of 1885 they were cultivating a tract of forty acres off the south side of the southeast quarter of section 26, township 27 south, of range 1 west, Sedgwick county, and had fully prepared to plant corn upon it; that the defendant railroad company had then recently diverted the water of a stream from its natural water-course, in the construction of its road-bed, and dis-

charged it through an artificial channel; that on or about the 15th of May of said year, on account of heavy rains, a great quantity of water was discharged through this newly-made channel upon the land in question, and the water, overflowing and remaining upon the same for about six weeks, prevented the plaintiffs from planting, cultivating and growing corn and other crops thereon, and by reason thereof they have been damaged in the sum of $500.

It appears further, that on the 17th of August following, said plaintiffs commenced an action against this defendant to recover damages caused by the water flowing through the same channel at the same time, and overflowing sixty acres of corn already planted; this action was tried, and judgment rendered for plaintiffs for $75. The defense urged, and properly raised and supported by the evidence, was, that the judgment in the former action was a bar to this one. Defendant brings the case here for review.

It appears that the plaintiffs had rented 320 acres, half of said section 26, and that the forty acres unplanted, for which damages are claimed in this action, were a part of this same tract with the sixty acres which had been planted, and for which damages had been claimed and recovered heretofore. The defendant claims that the judgment obtained in the former action precluded the plaintiffs from setting up any other and different damages than those claimed in that action, occasioned at the same time.

We believe the law to be well settled, that no party is permitted to split his causes of action into different suits; if he does, and obtains judgment upon any part, such judgment is a complete bar to a recovery upon any remaining portion thereof. The splitting-up of claims is not permitted in the case of contracts, and the same rule which prevents a party from doing so applies with equal force actions to arising in tort, and the same act cannot be the foundation for another suit, although the items of damages may be different.

In this action the act complained of was the discharge of the water upon the 15th day of May, and this claim for dam-

ages might have been litigated in the first action, and should have been set forth in the petition therein; if plaintiffs neglected to do so, they should be barred from further relief. It was the same storm, and the water was discharged through the same culvert upon land which was a part of the same tract that plaintiffs had rented.

"The principle is settled beyond dispute, that a judgment concludes the right of parties in respect to the cause of action, stated in the pleadings in which it is rendered, whether the suit embraces the whole or only a part of the demand constituting the cause of action. It results from this principle, and the rule is fully established, that an entire claim, ensuing either upon a contract or from a wrong, cannot be divided and made the subject of several suits; and if several suits be brought for the different parts of the same claim, . . . judgment upon the merits in either will be available as a bar in the other suits. . . . In case of torts, each trespass, or conversion, or fraud, gives a right of action, and but a single one, however numerous the items of wrong or damage may be." (Herman, Est., § 77.)

If the rule were otherwise, the tract might have been divided up into five, ten or fifteen-acre tracts, and there might have been a series of vexatious law suits. "It is for the public good that there be an end to litigation." This view is well supported by authority:

*Whitaker v. Hawley,* 30 Kas. 317; *Comm'rs of Barton Co. v. Plumb,* 20 id. 147; *Comm'rs of Saline Co. v. Bondi,* 23 id. 119; *Madden v. Smith,* 28 id. 798; *Brannenburg v. I. P. & C. Rld. Co.,* 13 Ind. 103; *Folsom v. Clemence,* 119 Mass. 473; *Hemstead v. Des Moines,* 63 Iowa, 36; *Baird v. United States,* 96 U. S. 430; *Herriter v. Porter,* 23 Cal. 385; *Morey v. King,* 51 Vt. 383; *Milroy v. Iron Co.,* 43 Mich. 231; *Memmer v. Carey,* 30 Minn. 458; *Railroad Co. v. Henlein,* 56 Ala. 368; Herman, Estoppel and Res Adjudicata, pp. 247, 248, 251.

We recommend that the judgment be reversed, and the cause remanded.

By the Court: It is so ordered.

All the Justices concurring.