FREDERICK WILLIAM KOENIG *et al.*, Respondents, v. MARGARET MORRISON, Administratrix, Appellant.

**St. Louis Court of Appeals, April 7, 1891.**

**Actions:** FORMER RECOVERY. An entire claim cannot be split up and made the subject of several suits; the form of action pursued is immaterial. In this case a contract for the erection of buildings provided that, if on the completion of the building payment of the amount due to the contractor should not be made within ten days after demand therefor, then, in case of the resort to legal process for the collection thereof, the court trying the cause should allow the contractor a reasonable attorney's fee. The contractor, upon the completion of the buildings, sued for and recovered the amount due him in an action of *quantum valebat*. *Held* that he could not recover his counsel fees in a subsequent action.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED.

*R. M. Nichols*, for appellant.

(1) If the case of Koenig *v.* Morrison, pleaded in estoppel, was upon a *quantum meruit*, respondent then exercised his right of election, in which he waived and abandoned the contract forming the basis of his action in this suit. He took the position before that court, trying the case, that he had not complied with the contract, and could not sue upon it. Can he now be heard to claim the benefit of the contract which he confessedly did not live up to, and was compelled to, or did waive, in order to recover in the other suit? Bigelow, Estoppel, p. 687; Pomeroy, Rem. & Rem. Rights, sec. 571; Bliss, Code Plead., secs. 11, 19, 244; *Soursin v. Salorgne*, 14 Mo. App. 487; *Booge v. Railroad*, 33 Mo. 212; *Kelley*

*v.' Rowane*, 33 Mo. App. 442. ( 2 ) The form of the
action elected to be pursued is immaterial. He is
bound by his election, whether or not it includes all the
damages. *Green v. Von der Ahe,* 36 Mo. App. 399 ;
*Funk v. Funk*, 35 Mo. App. 247. ( 3 ) Whether the
stipulation to pay attorney's fees, and the stipulation to
pay the contract price, be regarded as single and entire,
or apportionable, the evidence shows a total breach
by Morrison, before the suit, pleaded as an estoppel,
was brought. This breach gave the respondent but one
cause of action upon the entire contract, and, having
omitted to sue upon all of said stipulations thus broken,
he is now estopped. Bliss, Code Plead., sec. 118 ;
1 Suth. Dam. 175, *et seq.;* Freeman, Judgments, sec. 240 ;
Herman, Estoppel & Res Judicata, sec. 259 ; *Railroad
v. Traube*, 59 Mo. 355 ; *Brooks v. Ancell*, 51 Mo. 174 ;
*Comstock v. Davis*, 51 Mo. 569 ; *Parkes v. Richardson*
35 Mo. App. 193. ( 4 ) A fair construction of the clause
sued upon would be that the court trying the case
should be the sole judge of the fee, and that he should
allow or tax it as cost in the case. The jurisdiction was
conferred only upon that court. *Musser v. Krum*, 48
Iowa, 52 ; *Augustine v. Dowd*, 1 Bradw. 588.

*Rassieur & Schnurmacher*, for respondents.

ROMBAUER, P. J.—The plaintiffs, who are builders,
entered into a written contract with the defendant's
intestate, whereby they agreed to erect for him certain
buildings for a stated consideration. The contract con-
tained the following clause : " And after the comple-
tion of the work according to contract, if payment of
the amount due from the party of the first part to the
party of the second part be not made within ten days
after demand for same, then, in case said parties of the
second part shall have recourse to legal process to col-
lect said amount from said first party, there shall be
allowed by the court trying said cause a reasonable
attorney's fee in favor of the second parties."

The plaintiffs performed their contract, and, upon the decedent's failure to pay what they claimed was due to them, they instituted suit for its recovery. The suit thus brought was not based upon the contract, but upon a *quantum valebat.* In that suit the decedent set up the contract, claiming that the work was not done according to it, but the jury found against him, and the plaintiffs recovered the full amount claimed. No counsel fees were claimed or allowed in that suit. The plaintiffs thereupon instituted the present action for the recovery of the counsel fees provided for by the contract, and upon its trial before the court had judgment, the amount of which is not questioned, provided plaintiffs could recover anything on the facts above shown.

The defendant, appealing, contends that there can be no recovery in this case under the conceded facts, because the plaintiffs' cause of action under their contract was entire, and they could not split it up into fragments ; hence judgment and satisfaction in the first action are a complete bar to the present proceeding. To this the plaintiffs reply that they did not sue upon the contract, but upon a *quantum valebat* in the first action, and, therefore, their right to counsel fees neither was nor could be tried therein, and, furthermore, that their right of recovery of counsel fees was not complete until the termination of the first action.

It was held in *Mansur v. Botts,* 80 Mo. 651, that, where a special contract has been fully executed and nothing remains to be done but to pay the stipulated sum to be due thereon, *indebitatus assumpsit* will lie to recover the same. We expressed our opinion in regard to this ruling in *Floerke v. Distilling Co.,* 20 Mo. App. 76, and *Crump v. Rebstock,* 20 Mo. App. 37, but followed it in those cases in conformity with our duty under the constitution. In regard to building contracts it was always the law of this state that a party might sue for the reasonable value of the work and material, though done and furnished under special

contract, his recovery in such cases (where the non-performance of the contract was due to his own default) being limited to the contract price, less the owner's damages caused by the non-performance of the contract according to its terms ( *Yeates v. Ballentine*, 56 Mo. 530 ; *Eyerman v. Cemetery Ass'n*, 61 Mo. 489 ), unless the deviation from the terms of the contract is so gross that the builder should not be entitled to recover anything for his work. *Haysler v. Owen*, 61 Mo. 270. But it has never been held that a party may after completion of the work recover part of his damages in *assumpsit*, and then bring another action for the recovery of the residue of his damages upon the contract.

In applying the law, as hereinabove stated, to the record before us, but two theories are conceivable. Either the plaintiffs brought their first action on the theory that they had fully performed their contract, but were entitled and elected to sue in *assumpsit* for the recovery of the balance due, in which event it was their duty to include their entire claim in one action ; or else they sued on the theory, that they had not performed the contract, yet, as builders, they were entitled to recover the reasonable value of their work, subject to the owner's counterclaim, in which event they had no claim for counsel fees, because these were due only in the event of "a completion of the work according to contract."

Is is a well-settled principle that an entire claim cannot be split up and made the subject of several suits. *Green v. Von der Ahe*, 36 Mo. App. 394. The form of action pursued is immaterial. *Moran v. Plankinton*, 64 Mo. 337 ; *Union Ry. & Trans. Co. v. Traube*, 59 Mo. 355. The breach of the express contract by the decedent gave the plaintiffs but one cause of action, and, if that cause of action was complete when they instituted their first action, a recovery in that action is necessarily a bar to all further proceedings. Hence, the only

inquiry that remains is, was that cause of action complete when the plaintiffs instituted their first proceeding? The plaintiffs proceed on the theory that they fully performed the contract, and that the decedent had failed to pay them the balance due within ten days after demand. The contract provides that, if such should be the case, and if the plaintiffs should have recourse to legal process "to collect said amount due from said party, there shall be allowed by the court trying said cause a reasonable attorney's fee," in their favor. The court contemplated in this clause of the contract is the court trying the suit brought to collect the amount due, and no other court, and it is not apparent how any other court could entertain jurisdiction to allow the plaintiffs' counsel fees after their claim under the contract had been fully paid and satisfied. The fact, that the amount of plaintiffs' damages on that head was not fully ascertained until after the final termination of the suit, is immaterial. The cases are numerous in which the damages sought to be recovered are running damages and not determined until the day of the verdict, and where the damages on account of costs and counsel fees are allowed in successive courts.

The defendant at the close of plaintiffs' case asked an instruction that the plaintiffs could not recover. At the close of the entire evidence she asked an instruction that, if the court found from the facts as they appear by the uncontroverted evidence, the plaintiffs could not recover. These instructions ought to have been given. Under the conceded facts the judgment in plaintiffs' first proceeding is a complete bar to this action. All the judges concurring, the judgment is reversed.