DAN DANCIGER, ABE DANCIGER, JACK DAN-
CIGER, MO DANCIGER and JOE DANCIGER,
Partners Doing Business Under the Firm Name
and Style of HARVEST KING DISTILLING
COMPANY, Respondents, v. THE AMERICAN
EXPRESS COMPANY, a Corporation, Appel-
lant.

**Kansas City Court of Appeals, July 2, 1915.**

1. **CARRIERS OF GOODS: Conversion: Conditional Tender.**
Where the two actions present the same parties (or their
privies) the same subject-matter and the same claim or de-
mand, a judgment in the first action, if rendered on the merits,
constitutes an absolute bar to the second action, but where the
identity of the two actions fails in anyone or more particulars,
a recovery of judgment in one will not avail to bar the prosecu-
tion of the other.

2. ———: ———: ———. Where the demand arises out of
separate and distinct causes of action, the rule against splitting
causes does not apply. And where the respective demands
grow out of independent acts, contracts or transactions, they
cannot be treated as parts of a single cause.

Appeal from Jackson Circuit Court.—*Hon. Wm. O.
Thomas*, Judge.

AFFIRMED.

*Harry L. Jacobs, Ringolsky & Friedman* for re-
spondents.

*Ashley & Gilbert* for appellant.

JOHNSON, J.—Plaintiffs, who are partners doing
business at Kansas City under the firm name of the
Harvest King Distilling Company, brought this suit
in the circuit court of Jackson county, December 30,
1907, for the alleged conversion by defendant of 367

packages of intoxicating liquors of the value of $1391.80, which defendant had received as a common carrier for transportation and delivery to various consignees at different points in the State of Mississippi. The petition which is in one count contains an itemized list of shipments showing the dates of the respective consignments, the quantity and value of each, the respective destinations, that each was a C. O. D. consignment, and alleges "that on or about the 10th day of May, 1906, while said goods (referring to the liquors in all of the shipments) which were then valued at thirteen hundred ninety-one and 80/100 dollars were the property of plaintiffs and while plaintiffs had the right of possession to same, defendant then being in the possession of said goods, wilfully, wantonly and wrongfully converted the same goods to its own use and disposed of them to plaintiff's damage in the sum of $1391.80." The prayer of the petition is for the recovery of such damages and of exemplary damages in the sum of $400.

The suit was docketed as number of 35638 and on the same date plaintiffs filed another suit against defendant in the same court for the conversion of 450 packages of liquors of the total value of $1670.45 which the petition alleged plaintiffs delivered to defendant at Kansas City between the dates of April 1 and May 10, 1906, for transportation and delivery to various consignees in the State of Mississippi and that on or about May 10, 1906, defendant converted the liquors contained in all such packages to its own use. That case, which was docketed as number 35637, was tried without the aid of a jury on an agreed statement of facts and resulted in a judgment for plaintiffs. An appeal was allowed defendant to the Supreme Court on the ground that the cause presented a constitutional question, but the Supreme Court held there was no such question in the case and transferred it to this court. [247 Mo. 209.]

It appeared in that case, as it does in this, that the refusal of defendant to deliver the packages was prompted by the enactment of a law in Mississippi which required "every person or corporation that shall maintain or operate any office or place of business in this State at which intoxicating liquors legally deliverable, are delivered, upon the payment of purchase money therefor, shall pay annually, for each said office or offices, or place or places of business, the sum of $5000." The position of defendant was that its refusal to deliver the shipments in the State of Mississippi was compelled by law and taking defendant in this position of its own selection, we held that it became its duty to return the different shipments to plaintiffs at their cost for the return carriage and that defendant had not performed this duty for the reason that after returning the goods to Kansas City, it had tendered them to plaintiffs upon the condition that they "would release defendant from all liability or claim of damages on account of the nondelivery of said packages to consignees." We recognized the rule that a party to a contract must perform or tender performance of the duties it puts upon him without protest, without imposing terms or conditions and without attempting to force the other party to agree in advance that his proffered performance shall be treated, if accepted, as a full discharge of his liability and we affirmed the judgment because defendant had not made such unconditional offer to return the goods. [Distilling Co. v. Express Co., 172 Mo. App. 391.]

An amended answer filed by defendant in the instant case April 29, 1910, alleged that both suits (Nos. 35637 and 35638) "were for the alleged conversion by defendant of personal property belonging to plaintiffs on or about May 10, 1906, as will more fully appear from an inspection of the pleadings and records of said two suits" and "that the conversion on or about May 10, 1906, if any, was but one transaction, had at the

same time and place between the same parties and that the matter now in controversy was actually determined in the former suit, or might have been litigated under the issues then joined, and the said plaintiffs having made their election as to the manner and object of their suing, are now barred from suing again for the same transaction; and this defendant says said former suit operates as *res adjudicata* as to matters and things herein set forth and this the said defendant is ready to make appear."

The reply filed by plaintiffs met this charge of splitting a single cause of action into two suits, with the averment that the suit which had proceeded to judgment "was brought to recover damages for conversion of four hundred and fifty separate packages of liquor each delivered to defendant for shipment under a separate and distinct contract and the express charges paid separately by plaintiffs for each of said shipments. That the petition in said case No. 35637 really united in one count four hundred and fifty causes of action and should properly have been pleaded in four hundred and fifty different counts; that the claims were thus charged in one count, by virtue of an understanding and agreement with defendant and its attorneys to avoid a constant repetition of the same cause of action in four hundred and fifty counts and to prevent a useless and needless encumbering of the record of this court. That defendant waived all objections to plaintiff's petition on account of same charging and uniting in one count four hundred and fifty causes of action. . . . and that in their petition in the cause at bar they have united in one count three hundred and sixty-seven causes of action and that defendant and its counsel have waived all objections to the manner and form of plaintiffs uniting in one count said three hundred and sixty-seven causes of action."

The present suit was submitted to the court September 25, 1911, "upon the evidence of another suit

pending as a bar and upon the merits of this cause and an agreed statement of facts'' and was kept under advisement until October 3, 1914, when the court rendered judgment for plaintiffs for the full amount of their demand for actual damages, with interest, and defendant appealed.

The facts of the case which bear upon the question presented by defendant for our determination may be condensed into the following statement: At various dates between March 1st and May 10, 1906, plaintiffs, liquor merchants at Kansas City, delivered to defendant 817 different packages of intoxicating liquors on C. O. D. consignments to various customers in the State of Mississippi. Each package was the subject of an independent purchase and of a separate shipping contract. Defendant carried each to its destination in Mississippi, but did not deliver it on account of the enactment of the statute which imposed such onerous burdens upon express companies engaging in the C. O. D. liquor traffic as to render the further transaction of such business impracticable, if not impossible. Defendant returned all these packages to Kansas City and conditionally tendered them to plaintiffs who refused the tender and, treating it as a constructive conversion of the packages, plaintiffs brought two suits at the same time, in one of which they made the conversion of 450 of the packages the subject of the action, and in the other, the conversion of the remaining 367 packages. The judgment recovered by plaintiffs in the first suit is pleaded by defendant as a bar to a recovery in the second, on the theory that the conversion of the entire 817 packages was a single wrong from which only a single cause of action arose, and that the instant suit must fail under the rule which forbids splitting a cause of action.

The rule in such cases is that where the two actions present the same parties (or their privies), the same subject-matter and the same claim or demand, a

judgment in the first action, if rendered on the merits, constitutes an absolute bar to the second action. One reason commonly given for the rule lies in the common-law maxim that no one should be twice vexed for the same cause, but, as we observed in Paving Co. v. Field, 132 Mo. App. 1. c. 638, another reason equally strong is that a judgment on the merits destroys by absorption the cause of action and the passing of the cause necessarily involves the destruction of all of its component parts. When the body dies, the limbs die also. [Railroad v. Traube, 59 Mo. 355; Skeen v. Thresher Co., 42 Mo. App. 158; Bank v. Tracey, 141 Mo. 252; Moran v. Plankington, 64 Mo. 337; Donnell v. Wright, 147 Mo. 639; Paving Co. v. Field, supra.] And it is immaterial whether the action be *ex contractu* or *ex delicto*. If there is identity of parties (or privies), subject-matter and claim, or demand, in the two actions, a judgment recovered on the merits in one, will be a bar to the maintenance of the other.

But in instances where the identity of the two actions fails in any one or more of the particulars just stated, a recovery of judgment in one will not avail to bar the prosecution of the other. Where the demand arises out of separate and distinct causes of action, the rule against splitting causes obviously could not be applied. [Railroad v. Traube, supra.] And where the respective demands grow out of independent acts, contracts or transactions, they cannot be treated as parts of a single cause. [Ruddle v. Horine, 34 Mo. App. 616; Union, etc., Loan Co. v. Farbstein, 148 Mo. App. 216; Corby, Admr., v. Taylor, 35 Mo. 447; Garland v. Smith, 164 Mo. 1.]

The relationship between the parties in the instant case was purely contractual. Defendant, as the bailee of plaintiffs, became charged in each of the 817 separate and distinct transactions with the duty of returning the package to plaintiffs, the bailors. The failure to discharge this duty was a breach of the con-

tract which gave plaintiffs the right to sue as for a conversion of the package and its contents. The breach, in such instance, created a separate and distinct cause of action, and the fact that they all occurred during a given period of time, or even on the same day, did not and could not have the effect of welding them into a single cause of action. By a single act defendant may have breached 817 separate and distinct contracts, but that would not impart to them identity of subject-matter, nor merge the respective claims or demands into a single demand.

Because of a lack of identity of subject-matter and demand in the two actions, the judgment on the merits recovered in the first was no bar to the prosecution of the second.

The judgment is affirmed. All concur.