THOMAS H. SPRINKLE, Appellant, v. ESTATE OF ALFRED W. FLEMING, Respondent.

St. Louis Court of Appeals. Opinion Filed April 4, 1922.

1. **JUDGMENTS: Causes of Action: Splitting: Same Parties and Claim: Judgment in First on Merits: Second Action Barred.** Where two actions present the same parties or their privies, the same

subject-matter, and the same claim or demand, the judgment in the first action, if rendered on the merits, constitutes a bar to the second action.

2. **CAUSES OF ACTION: Splitting: Attorneys Fees: Judgment Against Curator: Action Against Estate for Service on Same Contract Between Other Dates Barred.** An attorney employed by a curator to advise and represent it as such curator, having sued and obtained judgment against the curator for services rendered between certain dates, could not in another suit against the estate recover for services rendered between other dates under the same contract of employment, since all constitute one demand or cause of action which arose out of one contract of employment, and having recovered a part sued for he could not seek satisfaction for another part from another person who is liable for both parts.

3. ———: ———: **Single and Severable Demands: Rule Stated.** The rule which determines whether a party has a single and entire cause of action which must be sued for in one action, or has a severable demand and may maintain separate suits, is whether or not the entire claim arises from the same act or contract or from distinct and different acts or contracts.

Appeal from the Circuit Court of St. Louis County.—
*Hon. John W. McElhinney,* Judge.

AFFIRMED.

*Thos. H. Sprinkle* for appellant.

(1)   The right of the curator, when his final settlement is contested, to employ counsel at the expense of the estate is too firmly established by the decisions of this state to necessitate referring the court to all of them. A few are sufficient. Simmons Appeal, 103 Mo. App. 388; In re Estate of Meeker, 45 Mo. App. 188; State ex rel. v. Walsh, 67 Mo. App. 348; Grove v. Reynolds, 100 Mo. App. 59; Gamble v. Gibson, 59 Mo., 585; Dooley v. Welch, Admx., 172 Mo. App. 535; Skinner v. Whitrow, 184 Mo. App. 229. (2)   Having the right to employ counsel, and having employed counsel in defense of the exceptions in good faith, the at-

torney is entitled to reasonable compensation out of the estate, to be fixed by the court, in the first instance. Crowe v. Lutz, 175 Mo. App. 431; In re Est. of Meeker, 45 Mo. App. 188; Mayhall v. Stoecker, 191 S. W. 1117; State ex rel. v. Walsh, 67 Mo. App. 348; Gamble v. Gibson, 59 Mo. 585; Nichols v. Reyburn, 55 Mo. App. 5. (3) The employment of counsel made in good faith to defend the exceptions, the attorney is entitled to a reasonable fee for such defense, whether his efforts prove entirely successful or not, he is no insurer. If attorney and curator act in good faith that is all that is required. Dooley v. Welch, 172 Mo. App. 537. (4) Under the above decisions, the court not the curator must fix the fee. Mayhall v. Stoecker, 191 S. W. 1117. (5) Such claims are expenses of administration, if reasonable, must be allowed by the court against the estate as diminishing the assets in the hands of its statutory trustee to that extent. Gamble v. Gibson, 59 Mo. 585; Nichols v. Reyburn, 55 Mo. App. 5. (6) The attorney representing the curator may, in the event of non-payment of his fees, waive his personal claim against the curator, and apply directly to the proper court for the allowance and payment thereof out of the estate. Long v. Robinson, 58 Ind. 62; Nichols v. Reyburn, 55 Mo. App. 5; Powell v. Powell, 23 Mo. App. 368; Matson & May v. Pearson, 121 Mo. App. 132; Goodman v. Griffith, 155 Mo. App. 582; State ex rel. v. Walsh, 67 Mo. App. 348. (7) It is true that the law abhors a multiplicity of actions but it means actions against the same persons. 1 Corpus Juris, p. 106, note 43. In the case of Sprinkle against the Trust Company of St. Louis County for which a judgment was rendered constituted no defense in the case at bar for the reason, that the case of Sprinkle against the Trust Company was not an action between the same parties nor was it upon the same subject. 1 Corpus Juris, p. 1106, sec. 215; 23 Cyc., 1182. The doctrine, however, applied only to the same cause of action and concludes such rights

only as were then before the court and are capable of being presented and adjudicated between the parties. Edmundson v. Jones, 96 Mo. App. 83; Leet v. Gratz, 124 Mo. App. 394; Menges v. Melton P. Co., 96 Mo. App. 611; Wheless v. Serrano, 121 Mo. App. 17. The theory of *res adjudicata* has no application to the case at bar. The issues in the case of Sprinkle v. Trust Company of St. Louis County were etirely different from those of the case at bar, there being nothing in the case of Sprinkle v. Trust Company to bar and, therefore, does not conclude the parties in the case at bar. Issues that were tried or might have been tried in the former action may be shown by the entire record or by parol evidence and the judgment thereon is conclusive on both parties as to all matters between them. Lincoln Trust Co. v. Nathan, 122 Mo. App. 319. (9) A finding of facts which does not embrace all the constitutive facts is open to attack in the appellate court. Fahy v. Grocery Company, 57 Mo. App. 73; Bailey v. Emerson, 87 Mo. App. 220. If the record does not contain sufficient evidence to support such finding it will be disturbed on appeal; consequently, if the finding is not in accord with the record the appellate court should remedy the defect, and when all facts are before the court there is no necessity of a new trial, the duty of the court is to remand with directions to the circuit court to enter judgment for the plaintiff, in such sum as the evidence justifies. City of De Soto v. American Guaranty Trust Co., 102 Mo. App. 1; College v. Dockery, 241 Mo. 561; Knisely v. Leathe, 178 S. W. 461.

*John B. Reno* and *Irvin V. Barth* for respondent.

"It is well settled that a single demand cannot be split and separate suits maintained for various parts thereof. Where the demand is essentially an entirety, but one action may be predicated upon it. And if a judgment is obtained upon a portion of a demand of

such character, the right of action is gone as to the residue thereof not embraced within the judgment. The judgment will conclude the rights of the parties with respect to the cause of action arising upon the entire demand, whether the judgment in fact includes the whole or only a part thereof, in accordance with the maxim, '*Nemo debet bis vexari pro eadem causa.*' " Peper Automobile Company v. St. Louis Union Trust Co., 187 S. W. 109; Bircher v. Boemler, 204 Mo. 554; Pfeifer v. Suss, 73 Mo. 245; Wagner v. Jacoby, 26 Mo. 532; Scholl v. Pollars, 84 Mo. App. 286; Morrison v. De Donato, 76 Mo. App. 643; Morgan v. Railroad, 111 Mo. App. 721; Savings Bank v. Tracey, 141 Mo. 252; Rundelman v. Boiler Works Company, 178 Mo. App. 642. Moreover, there is every element of privity here. "Where the persons are so related that one would be compelled to make contribution or to pay a judgment against the other a judgment in favor of one would be a bar to a suit against the other." Taylor v. Sartorious, 130 Mo. App. 23; Stolze v. U. S. Fidelity Co., 153 Mo. App. 29; Womach v. St. Joseph, 201 Mo. 467; Fiene v. Kirchoff, 176 Mo. 516. There is no escaping the fact that the services performed by appellant from January 20, 1914, to December 2, 1916, and from December 8, 1916, to May 24, 1917, were continuous and founded upon the same underlying contract. The court below so found. Thus not only was there "substantial evidence" supporting the findings of the court, but, indeed, the evidence was all one way. Clearly those findings of fact must be taken as a verity. Sawyer v. French, 235 S. W. 126; Baker v. St. L. Union Trust Co., 234 S. W. 858; MacDonald v. Tittmann, 96 Mo. App. 536; Hunter v. Moore, 202 S. W. 544; Marx v. Wooster, 199 S. W. 446; Griffith v. Mut. Protective League, 205 S. W. 286; Bruer v. Dunham, 209 S. W. 573; City of DeSoto v. American Guaranty Mut. Fire Insurance Co., 102 Mo. App. 1.

NIPPER, C.—This is an appeal from a judgment rendered in the circuit court against plaintiff and in favor of defendant arising on the petition filed by plaintiff asking that the probate court fix the fee for services rendered by plaintiff in the above estate. The case was originally filed in the probate court. Upon a trial before the court judgment was rendered for defendant, from which plaintiff appeals. Upon request, the court made a finding of facts. We here set out so much thereof as we deem necessary:

"Upon the request of the petitioner that the court make a finding of the facts herein separate from the conclusions of law, the court finds the facts herein to be as follows:

"The Trust Company of St. Louis County, in April, 1906, became curator of the estate of said Alfred W. Fleming, a minor, by appointment of the probate court of St. Louis County, and remained such curator until September 2, 1913, when said Fleming became twenty-one years of age. During that time the curator made annual settlements of its account and on September 3, 1913, filed its final settlement in said court returnable to the November term, 1913, thereof, and caused notice thereof to be served upon said Fleming. At said term, on December 30, 1913, said Fleming filed exception to said final settlement and to the other settlements of said curator, which exceptions are in evidence in this cause by printed copy marked Exhibit A, and are the exceptions on file in Case No. 29688 in this court, in the matter of the estate of Alfred W. Fleming, a minor, and are here referred to and made a part of this finding of facts.

"The petitioner herein has for twenty-three years been a licensed attorney at law of the city and county of St. Louis and State of Missouri, and was in April, 1906, employed by the said trust company as such curator through its president to advise and represent it as such curator as its attorney in its administration of

said estate, and thereafter performed professional services as such attorney for said curator up to the time when said ward became of age, including therewith assisting in the preparation and filing of said final settlement, and received full compensation for all of the same to said time.

"Upon the filing of said exceptions to the final settlement, the said trust company, by its president acting for it, employed and directed the petitioner as attorney for the said company as curator to defend against the said exceptions, and the petitioner thereupon proceed to make such defense and in doing so performed the services itemized and specified in the itemized statement attached to the petition herein, on and between January 20, 1914, and December 2, 1916.

"While the said exceptions were pending in the probate court and being there heard and considered from time to time the said Fleming on February 22, 1914, filed a motion in said court for an order of partial distribution of said estate, which was overruled on March 23, 1914; and thereupon on April 14, 1914 he applied to the Supreme Court of Missouri for a writ of mandamus to require such order of partial distribution, and upon the same a peremptory writ was ordered by said Supreme Court, December 19, 1914, and a motion for rehearing thereon was overruled December 31, 1914.

"Under the same employment and direction as aforesaid by the said trust company as curator through its president, the petitioner appeared for said curator in defense of said mandamus proceeding and performed services for said curator in such defense from the eighteenth day of April, 1914, to December 30, 1914, and thereafter, from January 2, 1915, to May 24, 1917, performed services for said curator in relation to the making of such partial distribution in the probate court, and from December 8, to December 30, 1916, and from January 7, to May 24, 1917, performed further services

for said curator in the matter of defending against said exceptions to settlements, arguing upon the same and preparing brief and reply brief thereon and in preparing report to comply with an order of the probate court upon such exceptions, and in preparing for the court an order or decree upon said exceptions.

"All of said services performed by the petitioner after the filing of said final settlement were continuous, without other contract, employment or direction than as aforesaid.

"In the performance of all of said services there was associated with the petitioner Thomas K. Skinker, Esq., a lawyer of longer practice and experience, who was general counsel of said trust company, and who consulted with the petitioner and also prepared briefs upon the question involved in making such defenses against exceptions and mandamus proceedings.

"On December 2, 1916, the petitioner requested payment of said trust company for or on account of his said services and further requested the said company as curator to apply to the probate court for an allowance to him of fees for said services to that time, both of which requests were refused by said company.

"The petitioner thereupon prepared his original petition herein and filed the same in the probate court, January 3, or 5, 1917, praying for allowance for the value of his services in defense of the said mandamus proceedings and in defense of the said exceptions to settlements and in the original itemized statement attached thereto specifying items of services in defense of the mandamus proceedings as well as in defense of said exceptions.

"Upon the hearing of said petition in the probate court the said court, on the fourteenth day of May, 1917, ordered that said petitioner be allowed $500 against the said estate of Alfred W. Fleming as a part of the necessary expense of administering said estate, and found that said petitioner was entitled to nothing against

said estate for services rendered in said mandamus proceeding.

"On February 13, 1917, before the said order of the probate court, the petitoner received from the said trust company as curator $350 'on account of fees as attorney for services rendered in the said estate,' and on May 19, 1917, after the said order was made, received $150 'for services rendered curator.' It was not stated or understood between the petitioner and said curator at the time of such payments that they were in full of said allowance by the probate court or of all fees due from said curator of the said estate to the petitioner.

"A few days thereafter, on May 21, 1917, the said Fleming took this appeal from said order of the probate court, and on the fourth day of February, 1918, an appeal was taken by the petitioner from the same order, which is now pending in this court as case No. 30353.

"On August 31, 1917, the petitioner filed in this court his separate suit, No. 29754, against said trust company for professional services rendered by him as attorney for said company as curator of said estate in said mandamus proceeding and in addition thereto for services in opposing exceptions filed by said Fleming to the final and all settlements, setting forth the items of said services in an exhibit attached to the petition in said cause and referred to in said petition, and among others specifying the services from April 18, 1914, to December 30, 1914 in the said mandamus suit and services from December 8, to 30, 1916, and from January 7, to May 24, 1917, in briefing and arguing upon the said exceptions to settlements and preparing report to comply with order of the probate court on the same and in preparing order overruling said exceptions.

"Said cause was tried in this court with a jury, February 20, 21 and 23, 1918, and in an instruction given for plaintiff at such trial the jury was directed to allow plaintiff for his services if he rendered such

services in resisting said mandamus proceedings, and if he thereafter represented the defendant in resisting exceptions to the final settlement.

"The petitioner in this cause has testified, and the court finds as a fact, that in said suit No. 29754 he included services rendered by him in defense of the said exceptions after December 2, 1916, and up to May 24, 1917, which he there charged against the said curator and not against the said estate of the ward.

"In said suit No. 29754 the plaintiff had a verdict and recovered judgment against the said trust company for $1,060, which has been paid to him before the trial of this cause. In said suit no credit was given by the plaintiff or claimed by the defendant for said sums of $350 and $150 paid to the petitioner in in February and May, 1917."

The pertinent facts of this case, as they appear to us from the record, could not be better or more accurately stated than the findings of facts as made by the learned trial judge. The facts as thus made present only one question for our determination here, and that is whether or not plaintiff has sought to split a single demand into two separate causes of action. The court below sustained defendant in this contention, and the question is now before us.

Where two actions present the same parties or their privies, the same subject matter, and the same claim or demand, the judgment in the first action, if rendered on the merits, constitutes a bar to the second action. The reason for this rule is that no one should sue twice for the same cause, and a judgment on the merits absorbs the cause of action. [Harvest King Distilling Co. v. American Express Co., 192 Mo. App. 106, 179 S. W. 806.]

Plaintiff here, under the facts as stated, could not support his claim for services rendered in defending against the exceptions under one contract of employment, and elect to claim part out of the estate and the

other part against the curator. All constituted one demand or cause of action which arose out of one contract of employment, and, since he recovered a part sued for, he cannot seek satisfaction for another part from another person who is liable for both parts. Plaintiff claims here for services rendered from January, 1914, to December, 1916, and secured judgment in a proceeding against the curator for services rendered from December, 1916, to May, 1917. Both actions arose from a claim for services about the same subject-matter, and arising from the same contract of employment. And the rule which determines whether a party has a single and entire cause of action which must be sued for in one action, or has a severable demand and may maintain separate suits, is whether or not the entire claim arises from the same act or contract or from distinct and different acts or contracts. [Keller v. Olson, 187 Mo. App. 469, 173 S. W. 28.]

Plaintiff had one cause of action. He could have proceeded against the curator or against the estate; but he could not proceed against the curator for part, and the estate for another part. The prosecution of the two suits would impose double litigation and double expense, and it would be unreasonable and unfair to permit such proceedings. [See Peper Automobile Co. v. St. Louis Union Trust Co. (Mo. App.), 187 S. W. 109, and the authorities therein cited.]

The judgment of the lower court was for the right party and no reversible error appearing in the record, the Commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. ALLEN, P. J., *Becker* and *Daues, JJ.,* concur.