LOUDEN MACHINERY CO. *v.* WILHELMINA DAY.

May Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed October 18, 1932.

*Orrin B. Hughes* for the defendant.

*Herbert G. Barber* for the plaintiff.

GRAHAM, J.  The action is contract and was heard below by the court upon an agreed statement of facts, and also the testimony of the defendant taken at a previous hearing between the parties which was made a part of the agreed statement by reference.  The files and docket entries of the previous trial are by reference made a part of the agreed statement.  No supplemental facts were signed and filed by the trial court.  Judgment was entered for the plaintiff.  The defendant excepted to the judgment on the ground that it was contrary to and not supported by the agreed facts.

The facts agreed to by the parties cannot be supplemented on review by a mere reference to testimony and exhibits.  If any additional facts are required to support the judgment, they should have been found by the trial court from the evidence presented.  *Hooper, Trustee* v. *Kennedy,* 100 Vt. 376, 138 Atl. 778; *People's National Bank* v. *Brunelle,* 101 Vt. 42, 45, 140 Atl. 160.  The judgment before us must stand or fall on the agreed facts, without re-enforcement by any reference to evidence of additional facts.  And since the facts of record are stated by agreement of the parties, only necessary inferences therefrom can be drawn, or considered.  *Hooper, Tr.* v. *Kennedy,* 100 Vt. 314, 317, 137 Atl. 194; *City of Barre* v.

*Town of Bethel,* 102 Vt. 22, 25, 145 Atl. 410; *Drew* v. *Bowen,* 102 Vt. 124, 127, 146 Atl. 254; *Grand Lodge, etc.* v. *City of Burlington,* 104 Vt. 515, 162 Atl. 368. So far as material to the questions presented for review, the agreed facts state that in April, 1929, the defendant engaged one Bernard Dirks as her representative to design and build for her upon her farm in Dummerston · a barn, he to procure the necessary material and labor therefor. Dirks gave to the plaintiff an order in writing for a "Louden Automatic Ventilating System" which contained this clause, "Purchaser agrees to pay all reasonable costs of collection of this contract, including attorney's fees." The order was signed, "Bernard Dirks— Purchaser." The plaintiff accepted the order and in compliance with its terms shipped to the defendant the ventilating system, and after the same arrived at the railway station at Brattleboro, it was taken to the defendant's farm in Dummerston by an employee of hers. The defendant claimed that the system was incomplete and not such as was ordered, and for those reasons refused to pay for it according to the terms of the contract. The plaintiff brought an action in book account against the defendant which resulted in a judgment for the plaintiff to recover the amount of the contract price, together with freight charges and taxable costs. The defendant paid the judgment, including the taxed costs, and received from plaintiff's attorney a receipt evidencing payment and satisfaction thereof. Thereafter the plaintiff made claim upon the defendant under the above-quoted special clause of the contract for the expenses incident to obtaining the judgment, including attorney's fees. It is for the recovery of those items that this suit is prosecuted.

The defendant argues from a so-called motion to set aside the judgment, which was overruled by the trial court, that the judgment is erroneous because, (1) the plaintiff should have recovered in the first action all sums of money due it under the contract, which formed the basis of recovery in that action, and (2) the agreed statement of facts does not disclose any authority either express or implied authorizing Bernard Dirks to enter that portion of the contract which the plaintiff now seeks to rely upon.

While such a motion filed after entry of final judgment is ineffective to raise any question (a point not made by the plain-

tiff), the same questions are saved by the defendant's exception to the judgment, and so, they are before us for consideration. See *Dent, Admr.* v. *Bellows Falls, Saxtons River St. Ry. Co.,* 95 Vt. 523, 527, 116 Atl. 83. We will consider the questions in inverse order.

■ As we have seen, the authority of Dirks to bind the defendant as her agent is limited by the scope of the facts stated, and only necessary inferences are to be indulged in support of the judgment. He had authority to build a barn upon the defendant's premises, and to procure the necessary material and labor therefor. So far as the plaintiff is concerned his powers extended no further than to purchase on the defendant's credit a ventilating system and to fix the price to be paid. The agreed facts are silent of any authority, express or implied, to bind the defendant for costs and attorney's fees. In this respect the facts do not support the judgment, and the exception is sustained.

The decisive question is whether on the agreed facts the plaintiff is precluded from recovery. The defendant maintains that the cause of action was entire, and that the judgment in the first suit is a bar to a recovery in this action. The plaintiff answers that the cause of action is divisible; that the items of costs and attorney's fees in the first suit could not be ascertained until the termination of that suit; and that they were not adjudicated because not recoverable in an action of book account.

■ ■ It is an inflexible rule that all damages resulting from an entire and indivisible cause of action must be assessed in one proceeding, whether arising from contract or tort. A recovery for one part will bar a subsequent action for the whole, the residue, or another part. *Morey* v. *King,* 51 Vt. 383; *Bullard* v. *Thorpe et al.,* 66 Vt. 599, 606, 30 Atl. 36, 25 L. R. A. 605, 45 A. S. R. 867; *Kennett & Mudgett* v. *Tudor & Tudor,* 85 Vt. 190, 198, 81 Atl. 633. The reason for the rule lies in the necessity for preventing vexatious and oppressive litigation. *Kennedy* v. *City of New York,* 196 N. Y. 19, 22, 89 N. E. 360, 361, 25 L. R. A. (N. S.) 847, 851. The test for determining whether a party has a single and entire cause of action, which must be sued for in one action or, has a severable demand and may maintain separate suits, depends on whether the entire claim arises from the same act or contract or from distinct and different acts or con-

tracts. *Sprinkle* v. *Fleming's Estate*, 209 Mo. App. 405, 239 S. W. 899.

██ Applying the rule to the question before us, we think that the judgment in the first suit is an effective bar to a recovery in this action. The damages in both suits result from the same contract and from the same breach. The breach relied upon as a basis of recovery in both actions is the defendant's failure to pay for the ventilating system at the contract price when due. From a single breach arose two classes of damages: (1) Direct, consisting of the purchase price and freight, and (2) consequential, consisting of reasonable costs of collection and attorney's fees. Both classes of damages must be recovered, if at all, in one action; they cannot be split up and made the basis of separate suits. *Morey* v. *King, supra; Maine Cent. R. R. Co.* v. *National Surety Co.*, 113 Me. 465, 94 Atl. 929, L. R. A. 1916A, 881.

The form of action pursued is immaterial. *Koening* v. *Morrison*, 44 Mo. App. 411; *Warren* v. *Comings*, 6 Cush. (Mass.) 103. Failure to choose an appropriate remedy to recover all the damages in the first action does not alter the rule. *Morey* v. *King, supra; Hooker, Corser & Mitchell Co.* v. *Hooker et al.*, 88 Vt. 335, 351, 92 Atl. 443. Nor is it material that the plaintiff's damages for costs and attorney's fees were not fully ascertained until the final termination of the first suit. *Koening* v. *Morrison, supra; Leslie* v. *Carter*, 268 Mo. 420, 428, 187 S. W. 1196.

In *Sands* v. *Roller*, 118 Va. 191, 86 S. E. 857, the notes of the defendant and his trust deed to secure the loan provided that he should pay and be liable for costs and attorney's fees if action was brought to collect the notes, and the plaintiff secured a judgment for the amount of the notes without providing for costs and attorney's fees, it was held that the plaintiff could not afterward maintain his action to recover his costs and attorney's fees; for on the rendition of the judgment the contract was merged therein, and thereby became *functus officio*, and could not be revived as the basis of another judgment.

*Judgment reversed, and judgment for the defendant to recover her costs.*