## SOWERS v. PAGE COUNTY.

1. **Contract: BOUNTY OFFER.** A resolution of the board of supervisors, offering a bounty to each volunteer enlisting in the military service to the credit of the county, " under the present call or to fill any call that might thereafter be made," is unlimited as to the time of enlistment or as to the calls under which made. The fact that one-half the bounty was to be paid at a fixed date would not affect the rule.

2. —— Nor would the fact, that no distinct quota was specifically assigned to the county affect the right of a claimant to recover, if each township had assigned to it the number of men necessary to be furnished by it, and the enlistment in question was credited to a particular township.

*Appeal from Montgomery Circuit Court.*

THURSDAY, DECEMBER 7.

ON the 21st day of December, 1863, the board of supervisors of Page county, at a special meeting adopted a resolution that the county would pay a bounty of $50 to each volunteer who should enlist in the United States military service, to the credit of the *quota* of that county " under the (then) present call, *or to fill any call that might thereafter be made.*" One-half of this sum was payable on the 1st day of July, 1864, the other half at a subsequent time. On the 5th day of January, 1864, the board passed another resolution, offering to pay $150, *in addition to the former sum*, to each person so enlisting.

The plaintiff brought his action upon these resolutions, alleging that he enlisted in the military service of the United States, to the credit of defendant's quota, under a proclamation of the President, dated July 18, 1864.

Verdict and judgment for plaintiff. Defendant appeals.

*W. W. Morseman* for the appellant.

*J. M.* and *W. S. Briggs* for the appellee.

MILLER, J. — I. The first question presented by appellant's counsel is this: " Is the defendant liable, under the resolutions sued on, to pay the bounty therein proposed, to persons who enlist in any other quota than that due from the defendant *at the time of adoption and publication of the resolutions* and referred to therein."

It is claimed by appellant's counsel and conceded by counsel for appellee, that the two sets of resolutions refer to

the same subject-matter, and seek to accomplish the same end; that they form the basis of the contract (if any) between the parties, and that they should be read and construed together as forming the same contract.

We have no hesitation in accepting this principle of interpretation, and in doing so we find that, by the resolution first adopted, the defendant proposed to pay $50 to each volunteer who should enlist to its credit under the then present call, *or to fill any call that might thereafter be made.*. The resolution subsequently passed, but added to the amount proposed to be paid by the first resolution. The proposition was to " pay $150 in addition to the former sum to each person so enlisting."

It is argued that the general language of the first resolution, " or to fill any call that might thereafter be made," cannot be extended to any call made after the 1st day of July, 1864, the time when the first half of the bounty was payable. It is a familiar rule of interpretation that all parts of a contract will be construed in such a way as to give force and validity to all of them, and to all the language used, where that is possible. 2 Pars. on Contracts, 505. Now the construction contended for by appellant's counsel is, that the provision of the resolution that one-half the bounty offered by the first resolution should be payable on the 1st day of July, 1864, limited the operation of the general language, " or to fill any call that might thereafter be made," to calls made prior to July 1, 1864. Such a construction would be in violation of the rule stated. The language is clear and unambiguous. It is that the defendant will pay the promised bounty to each person who shall enlist to the credit of defendant's quota under the then present call, *or to fill any call* that might be *thereafter made.* This language must be given its plain and manifest meaning, that which it clearly imports, which is, that the bounty offered was to be paid not only to those enlisting under the then present call for troops,

but that it should also be payable to any one enlisting to the credit of the county under any subsequent call.

This construction in nowise conflicts with the provision of the resolution that the one-half of the bounty offered should be payable on the 1st day of July, 1864. This provision is contained in the first resolution and was applicable to enlistments made under the call then pending prior to July 1, 1864.

II. The second point presented is as follows: "Is the defendant liable, under the resolutions sued on, to persons who enlist to the credit of some township in the county, no quota having been assigned to the county."

It seems that each township in the county had assigned to it the number of men necessary to be furnished by it to make up the quota of the county, and that the plaintiff, when he enlisted, was credited to the quota of one of the townships.

It would seem very manifest that, although no distinct quota was specifically assigned to the county, the aggregate of the quotas of the several townships would be the quota of the county. We cannot suppose that the board of supervisors were unacquainted with the manner in which enlistments were made and credits given, and that, knowing no specific assignment was made to the county at large, but that the same was apportioned to the several townships, they did not intend the offered bounty to be paid to recruits who were not specifically credited to the county quota as such when the same did not exist, but were credited to some township of the county. The quota of the county, substantially, was the total of the quotas of the several townships, and to permit the county to escape just liability on grounds so purely technical would be to grasp the shadow instead of the substance, and give to the contract an effect contrary to the intention and understanding of both parties.

Affirmed.