THE CITY OF DECORAH v. KESSELMEIER ET AL.

1. **Contract**: INTERPRETATION OF. The doctrine of surplusage does not apply to contracts, and while words which are meaningless may be disregarded, those which have a meaning must be considered in ascertaining the intention of the parties.

2. ————: ————: BOND. A bond provided for a forfeiture if the defendant should sell "any vinous or malt liquors to any intoxicated, card-playing, whatsoever person or habitual drunkard": *Held*, that it was intended to prohibit the sale to an intoxicated *and* card-playing person.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, DECEMBER 12.

ACTION at law originally brought in the mayor's court of the city of Decorah upon a bond executed by defendants upon the city issuing to the principal in the bond a license to sell ale, beer and wine. Defendants appealed from the judgment of the mayor to the Circuit Court, and from another judgment there they appeal to this Court. Other facts of the case appear in the opinion.

*Charles P. Brown*, for appellant.

*C. Wellington*, for appellee.

BECK, J.—The condition of the instrument upon which this action is brought is in these words: "Now if the said Ed. Kesselmeier shall not suffer any gambling for money or other thing, nor any drunkenness or disorderly conduct, nor sell *or deliver any vinous or malt liquors to any intoxicated, card-playing whatsoever, person or habitual drunkard*, or to any minor without the written consent of his parent or guardian, in the said building, nor in any room connected therewith, then this bond to be void, and otherwise in force; but it is expressly stipulated that for every breach of the foregoing conditions, or of either of them, the said Ed. Kesselmeier shall pay to the said city of Decorah the sum of $100.00, to be collected on this bond, with costs.

of suit, by civil action, if necessary, in any court having juris-diction thereof."

The evidence shows that the principal in the bond had sold a glass of beer to an intoxicated person, which plaintiff claims was a violation of the conditions of the bond. The language of the instrument above quoted, which expresses the condition alleged to have been broken, is not only inaccurate, but when all the words are considered together one of them, at least, fails to express any meaning. Leaving out the word "*whatsoever*" the meaning of the clause is clear that the obli-gation of defendants is violated by the sale of liquors to "any intoxicated, card-playing person." Retaining the word, a dif-ferent idea is not expressed, and no force is given to the thought expressed without it. The word is therefore mean-ingless, and may be disregarded. When omitted, the sense of the language is clear; when not, it does not destroy the sense, for it is meaningless. It has the effect, simply, of a useless word; it delays comprehension of the thought ex-pressed. If we transpose it so it will follow the word *person*, it adds force to the sentence, but does not change its mean-ing. This, probably, we may not do. But as it is meaning-less, standing where it does, we may disregard it, or rather read it as a word having no meaning in the connection where it is found.

But the words "card-playing" are not so to be treated. They are not meaningless. Their meaning is not inconsistent with words preceding or following, and they cannot, therefore, be disregarded. 2 Parsons on Contracts, 26, and notes.

Counsel for plaintiff insists that the words should be re-garded as surplusage. But if they have a meaning, this we cannot do without disregarding the very intention of the parties to the contract. That intention is expressed by the words the parties have chosen, and if words having a mean-ing are disregarded an interpretation of the contract is thereby given different from the real intention of the parties. No rule of interpretation will permit this. The doctrine of sur-plusage applies to pleadings, not to contracts.

The rules of our language require the copulative "*and*,"

and not the disjunctive conjunction "*or*," to be understood after the word "*intoxicated*." We cannot violate the rules of grammar in order to arrive at an intention of parties to a contract which would appear more sensible to us than the intention expressed by the language used by them.

We may fail, too, to understand the reasons upon which the conditions of a contract are based. But that is a matter for the parties alone. Courts cannot modify contracts so that they shall appear always sensible. The intention of the parties to the bond in suit to restrain defendant from selling beer and wine to intoxicated persons who play cards may have been based upon some reason satisfactory to themselves. Certain it is they have expressed such an intention. It is our duty to construe the bond in accord with that intention.

As there was no proof showing that the beer was sold to an "*intoxicated, card-playing person*," the court erred in finding that the conditions of the bond were violated, and in rendering judgment for plaintiff.

REVERSED.