99  637
115  520

James E. Barrett, Appellant, v. The Northwestern Mutual Life Insurance Company, Defendant, Florence A. Cowles, Francis S. Earl, Jane E. Searle, Charles E. Barrett and William Barrett, Interveners, Appellees.

**Assignment of Policy:** CONSTRUCTION. An assignment of a life insurance policy to an assignee, by name, and his executors, administrators and assigns, as their interests may appear, in consideration of the payment to the insured of one dollar, and the payment of the premiums thereon as they should accrue, passes to the assignee only so much of the policy as is necessary to reimburse him for the amount expended to keep it in force, with interest thereon.

*Appeal from Black Hawk District Court.*—Hon. J. L. Husted, Judge.

### Tuesday, October 27, 1896.

This is a contest between plaintiff and the interveners over the avails of a certain life insurance policy. The interveners were successful in the lower court, and the plaintiff appeals.—*Affirmed.*

*Mullan & Pickett* for appellant.

*Boies, Couch & Boies* for appellees.

Deemer, J.—The plaintiff claims to be entitled to the money due from the insurance company upon a policy issued by it upon the life of one Charles E. Barrett, under and by virtue of the following assignment: "In consideration of one dollar, and of payment by him of sums required to continue this policy in force, I hereby sell, assign, transfer, and set over unto James E. Barrett, of Reinbeck, in the state of Iowa, and his executors, administrators, and assigns, as their interest

may appear, all my right, title, and interest in and to policy No. 38,854, issued by the Northwestern Mutual Life Insurance Company, subject to all the terms and conditions in the said policy contained. Witness my hand and seal this fifth day of August, 1885. Charles E. Barrett. James E. Barrett." The interveners say that said assignment was issued for the purpose of indemnifying the assignee therein named for the payment of the sum of one dollar, and any premiums which might thereafter mature on said policy, and to secure him for the payment of such sums of money as he might advance to continue the policy in force; and they allege that plaintiff paid as premiums on the policy, during the life of the assured, the sum of one hundred and eighty-three dollars and thirteen cents. They claim five-sixths of all but this amount of the proceeds of the policy, as the children and heirs at law of the assured. The answer of the plaintiff to the petition of intervention, in so far as it is material to be stated, is practically a denial of the legal effect claimed by interveners of the instrument of assignment executed to plaintiff. To this answer a demurrer was interposed by the interveners, which was by the court sustained, and plaintiff excepted. Thereupon plaintiff filed an amended and substituted cross-bill in equity, in which he claimed that the assignment to him of the policy in suit was intended by the parties thereto to be absolute, in consideration of a conveyance of land made by plaintiff to the assured in the year 1866, and he asked that, in the event the court found the assignment to be qualified on its face, it be reformed to express the true agreement of the parties. The interveners demurred to this amended and substituted cross-bill, and their demurrer was sustained, to which plaintiff excepted. After the ruling upon the demurrer, the plaintiff filed a second amended and substituted cross-bill in equity,

which substantially re-pleads the matters ruled upon in the prior pleadings. The interveners moved to strike the last paper from the files, upon the ground that it was a substantial re-pleading of matters which had already been passed upon. This motion was submitted and sustained, and plaintiff excepted, and elected to stand upon his second amended and substituted cross-bill, and refused to plead further. The court thereupon rendered judgment decreeing that interveners and plaintiff, after deducting the one hundred and eighty-three dollars and thirteen cents, with interest, take the proceeds of the policy share and share alike. To this judgment and decree plaintiff excepted. The assignments of error relate to the rulings of the court upon the demurrer interposed by interveners. There is no assignment of error upon the ruling on the motion to strike the second amended and substituted cross-bill. Such is the condition of the record presented for our consideration.

It will be noticed that appellant assigns no error in the ruling on the motion to strike, consequently we have no occasion to consider it. He does complain of the court's ruling on the demurrer to the amended and substituted cross-bill in equity, but we cannot consider his complaint for two reasons: (1) Because he waived the error, if there was any, by pleading over. *Wing v. District Township*, 82 Iowa, 632 (48 N. W. Rep. 977). (2) He did not stand upon the pleading attacked, but proceeded to file a new one. In order to question the ruling made on the demurrer, he must have stood upon the pleading demurred to. *Wilcox v. McCune*, 21 Iowa, 294; *Cowen v. Boone*, 48 Iowa, 350. This case was tried in the lower court before Acts Twenty-fifth General Assembly, chapter 96, took effect.

II. Error is assigned on the ruling of the court upon the interveners' demurrer to the plaintiff's second

amended and substituted answer. It is doubtful, to say the least, whether we ought to consider the question argued under this assignment; for the reason that plaintiff did not elect to stand upon this answer. But we have concluded to consider the matter presented in argument. It is contended that the court was mistaken in holding that the assignment on which plaintiff relies was not an absolute and unqualified one, transferring to plaintiff all the interest which Charles E. Barrett had in the policy. This assignment is to James E. Barrett, and his heirs, executors, administrators, and assigns, as their interest may appear. A learned and lengthy argument is presented by appellant's counsel, in which they attempt to show that by strict grammatical construction this assignment is absolute to the plaintiff, but conditional to his executors, administrators or assigns. It is, perhaps, unfortunate that sentences such as the one used in this case, while strictly correct, are capable, on account of a seeming defect in our language, upon careful analysis, of a double construction; and yet the generally accepted and most common meaning of them is the one given by the court below in this case. It is the generally accepted and commonly understood meaning of sentences that the courts adopt in interpreting contracts. See 2 Parsons Cont. 501, and notes; Metcalf Cont. 359. This has been called "the golden rule of construction." *Woodward v. Watts*, 3 El. & Bl. 454. The interest assigned was, it seems to us, qualified by the words, "as their interest may appear." It is contended, however, that these qualifying words relate only to "his executors, administrators, or assigns." This would be a strained and unnatural construction, and, if adopted, would be without force and effect, for the reason that, if there was no assignment by plaintiff, the interest of his executors or administrators would be the same that plaintiff owned prior to his death, which, according to

plaintiff's contention, would be absolute; and, in case of assignment, the interest of assignee would depend upon the terms of the assignment. We are not disposed to adopt such a construction, for it would nullify and render inoperative some of the language used. This will not be done where such a construction can be avoided. *Greene v. Day*, 34 Iowa, 328; *Sowers v. Page County*, 32 Iowa, 530; *Decorah v. Kesselmeier*, 45 Iowa, 166. The assignment to plaintiff gave him but a qualified interest in the avails of the policy, and this was protected in the decree rendered by the district court.—AFFIRMED.