412 P.2d 454

Harriet W. BLAKE, Plaintiff
and Respondent,

v.

Earnest E. BLAKE and Leta R. Blake, his
wife, and Bank of St. George, a Utah cor-
poration, Defendants and Appellants.
Roberta Blake Barnum, Cross Defendant.

No. 10344.

Supreme Court of Utah.

March 28, 1966.

Robert L. Gardner, Cedar City, for appellants.

Phillip L. Foremaster, St. George, for respondent.

WADE, Justice:

Harriet W. Blake, respondent herein, the mother of Earnest E. Blake, an appellant herein, commenced this action to have a contract of sale, escrow agreement and warranty deed executed by her in which instruments she appears as the seller of certain real property and Earnest W. Blake and his wife as the buyers, declared null and void on the ground of fraud in their procurement. This appeal is by Earnest E. Blake and his wife from a judgment granting such relief as well as damages for amounts she had to expend for attorney's fees and for costs of suit.

The record reveals that the appellants were not present at the trial of the case which was held on December 1, 1964, but were represented by an attorney employed by Earnest E. Blake. Before employing this attorney, Mr. and Mrs. Blake, personally and without the apparent benefit of counsel, had filed responsive pleadings to the complaint as well as a cross-complaint against a sister of Mr. Blake, Mrs. Roberta B. Barnum. Thereafter the services of the attorney who represented them at the trial were procured, and he filed a motion to bring in the third-party defendant. This motion was granted by the court with the admonition that service upon the third-party defendant be expedited, as the court intended to set the matter for early trial.

At the time set for trial the attorney for appellants informed the court that his clients had not yet arrived but that he expected them, since he had told Mr. Earnest E. Blake personally the weekend before the time set for trial that the matter would come up for trial the following Tuesday, or perhaps not later than Wednesday at 9:00 a. m. The court gave the attorney time to try to contact his clients, but when it was informed late that afternoon by such attorney that he was unable to locate them, the trial proceeded. However, it was continued to another day to give appellants a further opportunity to appear.

On December 4, 1964, the attorney still had not been able to contact his clients and asked for permission to withdraw as attorney for appellants, which permission was granted. Respondent's attorney thereupon moved the court to amend the pleadings to conform to the evidence and to grant damages for attorney's fees respondent was forced to incur because of the fraud of Earnest E. Blake. The court found that the instruments in question were procured through the fraud of Earnest E. Blake and thereupon granted this motion. Judgment

was accordingly entered on December 14, 1964, nullifying the instruments and awarding costs and damages.

Upon receiving notice of this judgment, appellants filed a motion for a new trial on December 21, 1964, on the ground that the case had not been ready for trial because the third-party defendant had not been served, and that Mrs. Barnum was a necessary party to the action, and on the further ground that they had not received actual notice of the time and place of trial and only learned of the trial after it had been held.

A hearing was held on the motion for a new trial, at which time Mr. Earnest Blake testified that the attorney who had represented him at the trial had only been employed for the limited purpose of obtaining the court's permission to bring in a third-party defendant. He admitted, however, that he had not specifically informed the attorney that he was being employed only for this limited purpose, and that he had not discharged him. He further testified that at no time did he actually receive notice, oral or otherwise, of the time of the trial setting and learned of it only when he made inquiry as to whether the third-party defendant had been served, at which time he was told the trial had already been held. The testimony of the attorney who represented the appellants controverted Earnest Blake's testimony that he had received no actual notice of the time and place of trial.

Appellants contend that the court abused its discretion in denying them a new trial because they were not notified of the time and place of trial so that they could be present, prosecute and defend in the action, and because they were not represented by an attorney of their choice. Appellants admit that if they were represented by an attorney authorized to represent them in this action, they are bound by the court's decision.

Rule 5(b) (1) provides that whenever service upon a party is required or permitted and such party is represented by an attorney, the service shall be upon the attorney unless otherwise ordered by the court. It is not contradicted that service of notice of trial was made on the attorney who appeared of record in the case when he filed the motion for permission to bring in a third-party defendant at appellants' request. Such appearance is presumptive evidence that the attorney is authorized to represent the person for whom he appears in the action.[1] Even under appellants' own testimony it is not clear that the attorney's authority was limited to the filing of the motion. It was just a conclusion arrived at in Mr. Earnest Blake's mind but never communicated to the attorney. The presumption in favor of the authority of an attorney to appear in a lawsuit can only be

1. 7 Am.Jur.2d § 113, p. 117, Attorneys at Law.

overcome by at least a clear preponderance of the evidence.[2] The evidence in this case of the limitation of the attorney's authority to appear only on the motion for permission to bring in a third-party defendant does not meet this test. We therefore conclude that appellants were represented by an attorney of their choice and had their day in court.

Appellants also contend that the court should not have granted as damages attorney's fees incurred in bringing this action because respondent did not ask for damages, and there is no contractual or statutory authority for the granting of attorney's fees. We agree. As a general rule, attorney's fees are not recoverable as damages in either actions on contract or in torts if there is no statutory or contractual authority for such fees.[3]

We find no merit to appellants' contention that the third-party defendant under the pleadings was an indispensable party to the suit and therefore the case was not at issue when tried.

Affirmed in part and reversed in part. The parties to bear their costs.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and CALLISTER, JJ., concur.

---

2. 7 Am.Jur.2d § 116, p. 118. See also note in 88 A.L.R., Note XI, p. 72 on effect on judgments by attorney exceeding authority.

3. Kidman v. White, 14 Utah 2d 142, 378 P.2d 898; 45 A.L.R.2d, p. 1184, § 1, Anno. Damages, Attorney's Fees; 22 Am.Jur.2d § 165, p. 234.