503 P.2d 1216

**B & R SUPPLY COMPANY, a Utah corporation, Plaintiff and Respondent,**

v.

**J. M. BRINGHURST and Leo Bringhurst, Defendants and Appellants.**

No. 12805.

Supreme Court of Utah.

Nov. 27, 1972.

Ryberg, McCoy & Halgren, John L. McCoy, Salt Lake City, for defendants and appellants.

Alan D. Frandsen, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

B and R Supply Company sued to recover $1685.01, plus interest, costs and attorney's fees on account of plumbing supplies delivered to defendants. Before trial, defendants tendered the principal amount owed but denied liability for attorney's

fees. Upon a trial of that issue the court ruled for the plaintiff on the basis of written statements on the invoices and awarded $420 attorney's fees. Defendants appeal.

It is well established in our law that attorney's fees cannot be recovered unless provided for by statute or by contract.[1] Plaintiff bases its claim upon the proposition that the invoices covering the materials delivered to defendants contained, inter alia, the following:

> . . . purchaser agrees to pay costs incident to collection of said sums, including reasonable attorneys fees . . .

In this regard plaintiff relies upon a proposition of law that where a principal (defendants) entrusts a duty to his agent or employee, the latter is clothed with implied authority to do those things which are within the scope of assigned duties or reasonably and necessarily incident thereto.[2] We agree to the soundness of that proposition as applied in appropriate circumstances.

In analyzing the contention of the plaintiff it is appropriate to revert to and apply elemental principles of contract law: that the creation of a contract requires a meeting of the minds of the parties; and that the burden of so proving is upon the party who claims there is a contract (plaintiff here). In applying those rules to the instant fact situation it is first to be observed that the conditions of the invoice are aptly described by the defendants as "small inconspicuous print." Defendant's affidavit avers that they " . . . at no time whatsoever authorized any of the persons who signed certain invoices . . . to contract on his behalf . . . other than on open accounts." There is no affirmative showing to the contrary, nor that any contractual terms or conditions on the invoices were called to their attention, nor that they were aware of them, nor that they did anything other than to initial the invoices acknowledging the receipt of the merchandise. Under those circumstances we can see no basis for a conclusion that the defendants entered a contract to pay attorney's fees.[3] However, this does not apply to part of the

---

1. See Blake v. Blake, 17 Utah 2d 369, 412 P.2d 454.

2. Citing Naujoks v. Suhrmann, 9 Utah 2d 84, 337 P.2d 967; see also Park v. Moorman Mfg. Co., 121 Utah 339, 241 P.2d 914.

3. A case closely resembling this one and which we regard as correctly decided is Louden Machinery Co. v. Day, 104 Vt. 520, 162 A. 370. The court stated:

" . . . [The agent] had authority to build a barn on the defendant's premises, and to procure the necessary materials and labor therefor. So far as the plaintiff is concerned his [the agent's] powers extended no further than to purchase on defendant's credit a ventilating system and to fix the price to be paid. The agreed facts are silent as to any authority, express or implied, to bind the defendant for costs and attorney's fees."

invoices, totaling $498, which bear the initials LSB (defendant Leo S. Bringhurst), on which amount defendants' counsel conceded plaintiff was entitled to reasonable attorney's fees.[4] In accordance with what we have said above, the case is remanded for setting attorney's fees as to that amount only. Costs to defendants (appellants).

CALLISTER, C. J., and HENRIOD, TUCKETT and ELLETT, JJ., concur.

4. We do not necessarily say that he did so correctly. There is a further problem, which we think worthy of note, but do not discuss, because it is not essential to the decision of this case, viz: if one orders merchandise, which is agreed to be delivered for a requested price, that would seem to be the extent of the contract, and the extent of the purchaser's obligation. If upon receipt of the merchandise, the invoice or delivery slip he signs purports to impose further conditions or covenants, a serious question arises as to whether there is any consideration for such further obligation.