Lowell WALKER, Plaintiff and Respondent,

v.

Richard L. SANDWICK and Pete R. Falvo, dba Sandwick Motors, Defendants and Appellants.

No. 14266.

Supreme Court of Utah.

April 20, 1976.

Don Blackham, Blackham & Boley, Granger, for defendants and appellants.

Boyd M. Fullmer, Fullmer & Harding, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Plaintiff Lowell Walker, an independent insurance agent, sold to the defendants Richard L. Sandwick and Pete R. Falvo, dba Pete and Dick's Auto Sales, a liability insurance policy issued by Yosemite Insurance Company, and sued for the premiums thereon. The defense asserted was that the plaintiff had not shown that· he had the right to receive the premium. Upon a trial the court found the issue in favor of the plaintiff.

The defendants' argument is that to entitle the plaintiff to recover the premiums he must show either (1) an assignment of the insurance company's rights to receive them, or (2) that he either paid or was charged· with the premiums and thus subrogated to those rights. Plaintiff's rejoinder to that contention is that both by statute [1] and more important, by his contract with the insurance company, which provides that he " . . . assume full responsibility for payment of all premiums . . . [for policies he causes to be issued by the company] . . . whether collected or not . . ." he is obligated to collect and remit the premiums to the insurance company. With this contention the trial court agreed in making findings and judgment for plaintiff. Inasmuch as there is a reasonable basis in the evidence to support them, they will not be disturbed on appeal.[2]

Plaintiff cross-appeals contending that the trial court should have awarded him an attorney's fee. Attorney's fees are awardable only if expressly contracted for, or provided for by statute;[3] and if there is evidence as to the necessity and reasonableness of such fee.[4] Such requirements were not met here, and the cross-appeal fails.

Affirmed. No costs awarded.

HENRIOD, C. J., and TUCKETT, ELLETT and MAUGHAN, JJ., concur.

---

1. Section 31–17–22(2), U.C.A.1953, provides: "All funds representing premiums or returned premiums received by an agent, solicitor or broker, shall be held by him in his fiduciary capacity, and shall be promptly accounted for and paid to the insured, insurer, or agent as entitled thereto."

2. *American Aggregate v. Otto Buehner & Co.*, 528 P.2d 147 (Utah 1974).

3. *B & R Supply Co. v. Bringhurst*, 28 Utah 2d 442, 503 P.2d 1216 (1972) ; *Blake v. Blake*, 17 Utah 2d 369, 412 P.2d 454 (1966) ; see also 22 Am.Jur.2d, Damages, Section 165.

4. *Freed Finance Co. v. Stoker Motor Co.*, 537 P.2d 1039 (Utah 1975) ; *F.M.A. Financial Corp. v. Build, Inc.*, 17 Utah 2d 80, 404 P.2d 670 (1965).