Russell CAPSON and Peggy Capson, his
wife, Plaintiffs and Respondents,

v.

Clifford M. BRISBOIS and Shirley G. Bris-
bois, his wife, and Tracy Realty Compa-
ny, a Utah Corporation, Defendants and
Appellants.

No. 15746.

Supreme Court of Utah.

Feb. 15, 1979.

Joseph W. Anderson, of Parsons, Behle &
Latimer, Salt Lake City, for defendants and
appellants.

Thomas R. Blomquist, Salt Lake City, for
plaintiffs and respondents.

MAUGHAN, Justice:

In this action, Tracy Realty Company
(hereafter Tracy Realty) presents a ques-
tion of first impression before this Court,
viz., is a disinterested stakeholder bringing
an interpleader action entitled to its costs
and attorney's fees?  The district court or-
dered that the fund deposited with the
court by Tracy Realty be released to the
plaintiffs, Russell and Peggy Capson (here-
after Capsons), and denied Tracy Realty's
motion for costs and attorney's fees.  We
affirm.

In May of 1975 Capsons entered into an
earnest money agreement with Clifford and
Shirley Brisbois, (hereafter Brisbois) by
which Capsons agreed to sell to Brisbois a
parcel of land in Sandy, Utah.  Pursuant to
the agreement, Brisbois deposited $1,000
with Tracy Realty as earnest money.  Ac-
cording to Capsons' complaint, Brisbois
failed to perform according to the agree-
ment, and the sale fell through.  Capsons
sued Brisbois and Tracy, asserting they
were damaged in the sum of $10,000 by
Brisbois' breach, and demanding the release
to them of the $1,000 deposit.

In its answer, Tracy Realty admitted it
refused to release the $1,000 deposit to Cap-
sons, but stated its refusal was based upon
instructions from Brisbois.  Declaring no
interest in the money, Tracy Realty deposit-
ed the $1,000 with the court and asked the
court to interplead the claims of Capson and

Brisbois under Rule 22, Utah Rules of Civil Procedure.

Brisbois moved out of the state and failed to answer the complaint. A default judgment was entered against Brisbois in January 1978, and Capson then moved for an order releasing the fund deposited with the court. Tracy Realty also filed a motion for an order awarding costs and attorney's fees to it out of the fund in the amount of $385. After hearing arguments on the motions, the district court denied Tracy Realty's motion, and granted Capsons' motion releasing the fund deposited with the court.

On appeal, Tracy Realty urges us to adopt the practice followed in the federal courts and many state courts,[1] of awarding costs and attorney's fees to a party who in good faith brings an action for interpleader. This practice is based on the inherent equitable power of a court in an interpleader action, and is deemed appropriate because in bringing the action for interpleader, the stakeholder promotes litigation to expeditiously resolve the conflict between the proper parties.[2]

Not only can an interpleader action benefit the judicial system as a whole by avoiding duplicitous claims, but it benefits the prevailing claimant as well, because the fund deposited with the court guarantees his immediate satisfaction without the need for execution proceedings.[3] Moreover, when the action is properly brought by a stakeholder who is not at fault in causing the conflicting claims, it is in keeping with equitable principles that he should not have to pay costs and attorney's fees to protect himself from possible multiple claims.

While this Court has never directly addressed the question of whether costs and attorney's fees may be awarded to one bringing an action for interpleader, the issue was discussed in *Maycock v. Continental Life Ins. Co.*[4] In *Maycock*, the owner of a life insurance policy which named his own estate as beneficiary assigned the policy to Maycock, intending Maycock to receive the $5,000 sum upon his death. After the death of the insured, however, the insurance company was in doubt whether Maycock or the executor of the estate was entitled to the proceeds, both having made claim to the money. The company urged Maycock to bring an action in order to settle the controversy, and averred in its answer it was ready and willing to pay the proceeds of the policy to the proper party according to the court's determination. In addition, the company paid the $5,000 sum to the clerk of the court. As in the case before us, the rival claimant to the fund, the executor, failed to answer the complaint and a default judgment in favor of Maycock was entered. However, the insurance company still contested Maycock's right to the fund, and after a trial of the issue, judgment for Maycock was entered against the insurance company for the amount of the fund plus interest and costs. The company appealed, contending the court erred in awarding interest and costs against it, and claiming it should have been awarded its costs and attorney's fees.

This Court noted that although the insurance company technically had not brought an action for interpleader, it had indeed proceeded in that manner, and that interpleader was proper under those circumstances, where the insurance company was admittedly liable to someone, but did not know to whom. However, the insurance company did not continue to act as a disinterested stakeholder, and was therefore denied its costs and attorney's fees:

> The function of an interpleader is to compel conflicting complainants to litigate their claims among themselves. Since this action was begun the insurance company has not assumed the role of one not

---

1. See Anno., 48 A.L.R.2d 190; 3A Moore's Federal Practice Sec. 22.16(2).

2. *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188 (9th Cir. 1962).

3. 3A Moore, supra note 1, Sec. 22.16(2).

4. 79 Utah 248, 9 P.2d 179 (1932).

claiming any title or interest in the $5,000, but rather that of a defendant resisting plaintiff's claim to the proceeds of the policy.

\* \* \* \* \* \*

The insurance company was entitled to be protected against the conflicting claims of plaintiff and the Ogden State Bank, but it was not concerned with which of the claimants secured the money so long as it was relieved of liability. The unwarranted failure of the insurance company to promptly pay the money into court and withdraw from the litigation made a trial of the issues necessary. The position taken by the insurance company was calculated to prolong the litigation and to deprive the party entitled to the fund from the use thereof. The insurance company owed a duty to the claimants of the fund and especially to the plaintiff to promptly pay the money into court and withdraw from the litigation. The failure of the insurance company to perform such duty precludes it from the recovery of costs and attorney's fees incurred in the trial of this cause  .   .   .

■■■ The denial of costs and attorney's fees in *Maycock* is in keeping with the general rule, viz., although such are usually recoverable by the party who properly brings an interpleader action, the grant of an award is left to the equitable discretion of the trial court. If it appears, for example, the party bringing the action has, through his own fault, caused the conflicting claims necessitating interpleader, it is proper to deny attorney's fees.[5] Fees are also properly denied where, as in *Maycock*, the party is not simply a disinterested stakeholder, but actively contests the proper disposition of the fund, or where the party wrongfully delays or withholds payment when no real danger of double liability exists.[6]

■■■ From the facts apparent in the record of this case, Tracy Realty in good faith deposited the fund with the court, in an effort to pay the proper party and to avoid the expense of multiple claims. No evidence suggests Tracy Realty, as the insurance company in *Maycock*, contested or delayed payment of the fund.

However, it would be inequitable to tax the prevailing claimants for Tracy Realty's costs and fees, and we hold that the fund deposited with the court shall not be assessed, but is to be released to the Capsons. In a proper case, the district court could determine whether, according to that stated above, the losing party should be taxed for costs and fees.[7] However, because Mr. and Mrs. Brisbois were not before the district court this cannot be done, and Tracy Realty must, in this case, bear the costs and attorney's fees as ordered below.

WILKINS and STEWART, JJ., concur.

CROCKETT, Chief Justice (concurring with reservation).

I agree with the opinion of the Court, but I except therefrom agreement with the statement that attorney's fees are "usually recoverable by the party who properly brings an interpleader action."

If the matter were at issue in this case, and in any case where it may become an issue, I think should be decided on the basis of the long-established law of this state; and that the same rules should apply uniformly in all actions, interpleader or otherwise. I so state in awareness that there have been numerous adjudications and various views upon the subject. See annotation

---

5. *Gresham State Bank v. O and K Construction Co.*, 231 Or. 106, 370 P.2d 726 (1962).

6. *Paul Revere Life Ins. Co. v. Riddle*, 222 F.Supp. 867 (D.C.Tenn.1963); *First National Bank of Circle v. Garner*, Mont., 567 P.2d 40 (1977). See also 48 A.L.R.2d 190, note 1, ante.

7. See *Gresham State Bank v. O and K Construction Co.*, supra note 5; *Lucco v. Treadwell*, Fla.App., 127 So.2d 461 (1961).

48 A.L.R.2d 190 and authorities therein cited.

It has been consistently declared in our cases over the years that attorney's fees cannot be awarded except in three instances: as provided by statute, or as agreed by contract,[1] or where it is a legitimate item of damage resulting from a wrongful act.[2]

I have no disagreement with the proposition that where wrongful or blameworthy conduct of one or more other parties has made it necessary for a party to bring an action to have his responsibility determined with respect to a fund held by him, if the court is convinced that the ends of justice so require, he may award reasonable and necessary attorney's fees. However, that should be done only when such an award comes within the standard rule for awarding damages: i. e., those damages which should reasonably have been foreseen would result from the wrongful conduct.

It is appreciated that in applying the foregoing, there may be circumstances which would justify an award of attorney's fees to a stakeholder who had been compelled to bring an interpleader action. But in usual circumstances, I do not see that the mere paying into court of funds held by a stakeholder, disclaiming any interest therein, would justify any award of attorney's fees.

---

**1.** See *B & R Supply Co. v. Bringhurst*, 28 Utah 2d 442, 503 P.2d 1216.

**2.** For example, in an action for slander of title where the wrongful act required the bringing of

an action to remove the defect, see *Dowse v. Doris Trust Co.*, 116 Utah 106, 208 P.2d 956; and see also *Pacific Coast Title Co. v. Hartford Acc. & Ind. Co.*, 7 Utah 2d 377, 325 P.2d 906.