Roland WALKER, Plaintiff
and Respondent,

v.

Ivan E. CARLSON, et al., Defendant,

v.

Garry SMITH, Defendant and
Appellant.

No. 860115–CA.

Court of Appeals of Utah.

Aug. 18, 1987.

Garry Smith, pro se.

Richard L. Hill, Olsen, Thorn & Hill, Thomas S. Taylor, Provo, for defendant, Carlson.

Before DAVIDSON, GREENWOOD and JACKSON, JJ.

## OPINION

DAVIDSON, Judge:

Defendant Smith appeals from the district court's denial of numerous post-judgment motions including motions to set aside judgment and for a new trial. We affirm.

On May 19, 1978, Articles of Incorporation for De Arte, Inc. were filed in the office of the Utah Lieutenant Governor. Defendants Smith and Carlson were listed as both directors and incorporators while defendant Kimball was listed only as a director.

Carlson executed a promissory note, on behalf of De Arte and in favor of plaintiff, on May 12, 1979. The note was due and payable on May 12, 1980, but was not paid.

Plaintiff filed a complaint on February 5, 1982, which three defendants answered personally on July 1, 1982. Plaintiff moved to have the answer stricken because it did not comply with Utah R.Civ.P. 11. This motion was never acted upon by the court. Plaintiff moved for summary judgment which was granted on December 17, 1982. Defendants then wrote the court and explained they had not received notice of plaintiff's motion for summary judgment which precluded their raising any defense. After a hearing, the summary judgment was set aside. On January 7, 1983, an attorney, who appeared to represent Smith, Carlson, Kimball, and DeArte, filed an answer for all four defendants.[1] Trial was held on May 24, 1984. Counsel for both sides, plaintiff, Carlson, and Smith attended. Defendant Smith was questioned by plaintiff's counsel and the attorney who filed the answer on behalf of defendants. During these proceedings, Smith attempted to speak out when he was not on the witness stand and was told to be quiet by the court. At no time did Smith ever state that he was representing himself or that counsel did not represent him.

The court's Memorandum Decision was signed on October 4, 1984. In the Findings of Fact the court declared that Carlson, Smith, Kimball, and De Arte failed to issue any stock; the minutes of meetings which were purported to have taken place during 1978 and 1979 were signed one day prior to trial; defendant Carlson commingled purported corporate monies with his own funds; and the three directors failed to capitalize De Arte as required by Utah law. The court also found the testimony of defendants to be "unreliable as to the activities of De Arte, Inc. because of numerous inconsistencies" and rejected this testimony. The court concluded that the corporate veil should be pierced and that defendants were jointly and severally liable for the note. The Judgment incorporating the above was entered on December 7, 1984. A motion and order in supplemental proceedings concerning defendants' property

was subsequently served on Smith. During February and March, 1985, Smith, acting pro se, filed the following: Notice of Miscarriage of Justice, Notice and Demand for "Rights 'Sua Sponte'", Motion to Dismiss All Prior Action, Motion for Retrial, Memorandum in Refutation of Plaintiffs [sic] Facts, Statement of Facts, Affidavit of Garry Smith and Motion to Set Aside Judgment as to Defendant Garry Smith. On March 21, 1985, these motions were denied. The court noted that Smith "made no Motions or otherwise secured his right to appeal until the plaintiff brought his Order in Supplemental Proceedings—long after the time for filing any post trial Motions had expired." However, the court granted Smith 30 days to perfect an appeal in view of his affidavit, and lack of plaintiff's counter affidavit, that Smith received no notice of the court's Memorandum Decision of October 4, 1984.

On April 10, 1985, the attorney who appeared to represent all defendants at trial, filed an affidavit in which he stated that he "erroneously assumed that he was representing all the defendants ... when apparently, he was only representing Ivan E. Carlson." He further stated his belief that corporate records of De Arte did exist and that they had a direct bearing upon the case. These records were not available and not discovered until after the trial. Defendant Smith filed a Notice of Appeal on April 19, 1985, which was amended two days later. On April 30, 1985, the court granted the motion to set aside judgment as to defendant Lyn Kimball based on a Stipulation signed by plaintiff's counsel and counsel specifically retained by Kimball who had not taken part in the trial of May 24, 1984.

A significant portion of Smith's argument concerns his lack of representation at trial and his claim that he was not allowed to represent himself. To avoid any misconceptions on Smith's part, it is reiterated that the Utah Const. Art. I, § 12 declares the *right* to be defended by coun-

1. The answer was shown as having been prepared by "Attorneys for Defendants." Further, throughout the answer reference was made to

"defendants". Finally, a request was made for attorney's fees "by reason of said action being in bad faith against these defendants."

sel applies only in criminal prosecutions, not civil actions. Individuals may represent themselves in civil actions but must do so affirmatively. They cannot rely on their silence at trial and later raise that silence as a weapon when the results of the trial are unfavorable.

Utah R.Civ.P. 11 requires that pleadings, motions and other papers be signed in a specific manner dependent upon whether the party is represented by an attorney or is proceeding pro se. In the latter situation, the individual must sign his name and state his address. In the original attempt at an answer of July 1, 1982, three of the defendants signed personally but did not indicate their addresses. When this error came to their attention, the subsequent answer of January 7, 1983, was signed by an attorney. More important is that this answer was filed using the names of all four defendants, including De Arte. The conclusion is that the defendants, having failed in their joint attempt at an answer, retained an attorney to act on behalf of all. While that attorney's later affidavit states he was requested to file the answer only by Carlson, the answer shows he was acting for all defendants. In *Blake v. Blake*, 17 Utah 2d 369, 412 P.2d 454, 455 (1966), our Supreme Court wrote "[t]he presumption in favor of the authority of an attorney to appear in a lawsuit can only be overcome by at least a clear preponderance of the evidence." In the instant case, the attorney and Smith were at the trial. The Minute Entry states that Smith was questioned by both plaintiff's counsel and by the attorney who filed defendants' answer. The presumption in favor of Smith being represented by counsel is not overcome by a clear preponderance of the evidence but

is in fact supported to that standard by the record on appeal.

Smith's motion to set aside judgment is based on Utah R.Civ.P. 60(b)(1) and (7).[2] Subsection (1) lists the reasons of mistake, inadvertence, surprise, or excusable neglect, while subsection (7) concerns "any other reason justifying relief." The motion for a new trial is based on Utah R.Civ.P. 59(a) which delineates grounds for a new trial including accident or surprise and newly discovered evidence which could not have been discovered prior to trial through reasonable diligence. Basic to both of these motions is Smith's claim that plaintiff violated Utah R.Civ.P. 5(a) on several occasions by not providing him with a copy of pleadings thereby causing surprise. Smith's argument centers on plaintiff's failure to provide a copy of his motion for summary judgment[3] to Smith which the latter claims is a clear showing of fraud on plaintiff's part and which Smith apparently believes falls under Utah R.Civ.P. 60(b)(7). In *Taylor v. Gasor, Inc.*, 607 P.2d 293, 294–95 (Utah 1980), the Utah Supreme Court, quoting *Lundstrom v. Radio Corporation of America*, 17 Utah 2d 114, 117–18, 405 P.2d 339, 341 (1965), wrote "fraud is a wrong of such nature that it must be shown by clear and convincing proof and will not lie in mere suspicion or innuendo." In denying Smith's motions, the trial court must have believed that fraud was not present in what might be considered a lapse in procedure by plaintiff's counsel. We agree that such conduct does not rise to the level of fraud. *Taylor* at 294.

Smith claims to have been surprised by the date of trial and states that he would have presented facts at trial which would have changed the outcome.[4] As previously stated, defendants were represent-

2. The Utah Supreme Court has previously held "that subparagraph 7 may not be resorted to for relief when the ground asserted for relief falls within subparagraph 1." *Russell v. Martell*, 681 P.2d 1193, 1195 (Utah 1984) and cases cited therein. Since this matter is brought pro se and it is unclear precisely what grounds Smith raises, we will discuss his claims.

3. It should be noted that this motion was granted but later set aside at the request of appellant.

The second answer was filed by counsel several days later.

4. Smith now claims to have the Articles of Incorporation, the Certificate of Incorporation, minutes of the organizational meeting, checkbook records, stock transfers, and agreements between different companies available to prove his claim. It is difficult to see how any of this could constitute "newly discovered evidence" as Smith claims.

ed by counsel. If counsel failed to inform Smith of the pendency of the action or was less than diligent in the discovery process, such neglect on the attorney's part is imputed to Smith through principles of agency. *Russell v. Martell,* 681 P.2d 1193, 1195 (Utah 1984) citing *Gardiner and Gardiner Builders v. Swapp,* 656 P.2d 429 (Utah 1982). Even if Smith had not been made aware of the May 24, 1984 trial, he knew that this action began in early 1982. A reasonable person would have gathered all favorable evidence in anticipation of trial. We do not believe that Smith was denied his right to prepare for trial nor will we now hear that evidence has suddenly appeared subsequent to an unfavorable judgment particularly in view of his signing of five and six year old corporate minutes the day prior to trial. Neither Utah R.Civ.P. 59 nor 60 has application in this matter.

The trial court did not abuse its discretion in denying Smith's motions, *Burnham v. Burnham,* 716 P.2d 781 (Utah 1986), and we affirm the action below. Costs against defendant Smith.

GREENWOOD and JACKSON, JJ., concur.